Lincoln Casualty Company, Plaintiff-Appellee, v. Vic and Mario's, Inc., a Corporation, Steven Roland, a Minor, Constance Roland, a Minor, Clifford I. Roland, Michael E. Reimann, a Minor, Diane L. Reimann, a Minor, and Harold E. Reimann, Defendants-Appellants.

Gen. No. 11,863.

Second District.
September 16, 1965.

Downey, Layng, Anderson & Martenson, of Rockford (Jerome J. Downey and Sam J. Cannariato, of counsel), for Vic & Mario's, Inc., appellant.

John H. Page and Robert K. Clark, of Rockford (Robert K. Clark, of counsel), for appellee.

MR. JUSTICE PETERSEN delivered the opinion of the court.

This is an appeal from a Declaratory Judgment Order excusing and relieving the Plaintiff, Lincoln Casualty Company, of any legal responsibility for defending or indemnifying the Defendant, Vic and Mario's, Inc., in litigation involving contingent liability under the Dram Shop Act, Ill Rev Stats ch 43, sec 135, the plaintiff having issued a dramshop liability policy of insurance to the defendant's assignor.

The factual circumstances are quite undisputed. The dramshop is located at 5525 North Second Street in Loves Park, Illinois, and is licensed as a retail and package liquor business. Victor Appino, Mario Marsili and Bob Kelly are stockholders of the defendant. On June 25, 1961, a Sunday, the defendant arranged for a bus trip to Milwaukee, Wisconsin, for its patrons for the purpose of attending a Milwaukee Braves baseball game. Each patron paid the defendant either $5 or $5.50 for a ticket. The total amount paid for the ticket covered the cost of transportation and the admission price to the ball game. All of the tickets were sold before the Sunday in question. Wholesalers of the defendant had previously donated cases of canned beer for the occasion and the patrons therefore were not charged for the same. The beer was placed on the bus the day of the trip and consumed somewhere between defendant's premises and the ball park. The evidence is uncontradicted that no consumption of alcohol in any form took place upon the defendant's premises on this particular day. The evidence further discloses that the defendant did not seek additional coverage of insurance for this event, although it had done so on three previous occasions for picnics sponsored by it and held off the premises. The picnics were

for the benefit of its patrons and "free beer" was served.

One of the participants of the bus trip, after his return, and as an alleged result of intoxication, was involved in an automobile accident. As a consequence, the defendant was named a party defendant in two separate causes of action which assert liability under the Dram Shop Act.

The issue before the court concerns itself with an interpretation of the policy of insurance issued by the plaintiff to the defendant. The necessary portions of the policy are as follows:

> "Statement 2. This insurance applies to the premises at 5525 North Second Street, Loves Park, Illinois, which are used as Tavern-Restaurant and which are inside the corporate limits of such city, town or village."

> "Statement 4. The insured premises will close before 2:00 A. M. (3:00 A. M. Saturdays) during the currency period of this policy, and whether Central Standard Time or Daylight Saving Time being determined by the time then effective in the community."

> . . . . . .

> "Insuring Clause A—Liability. To insure the herein named insured against loss which the insured shall, by reason of Sections 14 and 15 of Article VI of an act of the General Assembly of the State of Illinois entitled "An Act Relating to Alcoholic Liquors" in force on February 1, 1934, and all laws amendatory thereof, become legally liable to pay to any person or persons on account of bodily injuries, or injury to the means of support of any person or persons or for damage to any property provided such liability arises during the

stated business hours of the Policy period as the result of the selling or giving of any alcoholic liquor to any person or persons at the premises described in the Schedule by the Licensee(s) named in Statement 3 of said Schedule, and provided further that the status of the insured shall have been as set forth in Statement 1, and that the premises shall have been used exclusively for the purposes set forth in Statement 2, and in the manner set forth in Statements 4 and 5 of the Schedule."

The trial court found from the evidence that there was no sale or gift of alcoholic liquor from the premises as provided under the plaintiff's policy, and, in addition, that the policy did not cover the sale or gift of alcoholic beverages on Sunday.

■ On appeal, the defendant raises various points as to when dramshop liability attaches, however, the issue before the trial court was not dramshop liability generally, but the liability, if any, between the plaintiff and the defendant because of their contract of insurance. The defendant claims that the word "premises" as used in the policy should be extended to cover the bus trip, and cites People v. Klun, 204 Ill App 626 (1917), as his authority. We disagree. The case cited arose from a violation of the former Criminal Code which had forbid a tippling house to be open on Sunday. We find no relevancy between that case and the instant case.

■ Next, the plaintiff argues that the place or time of consumption of alcoholic beverages is not determinative of liability under the Dram Shop Act. This may be true; however, again, this was not the question before the trial court. The policy of insurance assured the defendant against risk arising out of the sale or gift of alcoholic liquors from his premises, and

then for only six days of the week, which excluded Sundays. Defendant's reasoning seems to be based upon the premise that the policy in question is a blanket policy and, therefore, should cover any and all liability arising under the Dram Shop Act. Such premise is wrong as disclosed by the express terms of the policy which, as set forth above, determines the time and place under which the plaintiff would be liable to the defendant.

The defendant next claims that the insuring policy covers a multitude of risks; it is complex, and any particular coverage can only be determined by reference and cross-reference; therefore, it is ambiguous. This argument is quickly dispelled, not only by a reading of the policy, but also from the testimony of defendant's president, Victor J. Appino. While testifying under Section 60 of the Civil Practice Act, with relation to the previous picnics, the following questions and answers were illicited:

> "Q. And is it not true, Mr. Appino, that at that time, you were aware that your policy of insurance covered only sales or gifts of alcoholic liquor made at your premises at 5525 North Second Street, Loves Park, Illinois?
>
> "A. Yes.
>
> "Q. And that is the reason you got this endorsement for the outside event?
>
> "A. Yes."

Finally, the defendant contends that the plaintiff was premature in filing of this Declaratory Judgment action. As authority for the contention, the cases of State Farm Mut. Automobile Ins. Co. v. Morris, 29 Ill App2d 451, 173 NE2d 590 (1961), and Valente

266

v. Maida, 24 Ill App2d 144, 164 NE2d 538 (1960) are cited. However, since these cases were decided, the case of Sims v. Illinois Nat. Cas. Co. of Springfield, 43 Ill App2d 184, 193 NE2d 123 (1963) has passed upon the exact point raised by the defendant, where at page 199, the Court said:

> ". . . However, all authorities agree that quite often an insurer is faced with a dilemma as to whether to defend or to refuse to defend. In cases of doubt the answer is simple. It can (1) seek a declaratory judgment as to its obligations and rights or (2) defend under a reservation of rights."

For the foregoing reasons we conclude that the declaratory judgment of the trial court was proper and that it should be affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN J., concur.