**GULF INSURANCE COMPANY,**
Plaintiff,

v.

John J. DOOLEY, Rozella M. Dooley, John James Dooley, Jr., a minor, Mark Totzke, a minor and Edwin J. Totzke, father and next friend of Mark Totzke, a minor, Defendants.

No. 68 C 155.

United States District Court
N. D. Illinois, E. D.
June 28, 1968.

O'Brien, Hanrahan, Wolfe & Been, Chicago, Ill., for plaintiff Gulf Ins. Co.

Corrigan, Mackay, Quetsch & O'Reilly, Wheaton, Ill., for defendants John J. Dooley, Rozella M. Dooley and John James Dooley, Jr.

Fred Lambruschi, Chicago, Ill., for defendant Mark Totzke, a minor and Edwin J. Totzke, father and next friend of Mark Totzke, a minor.

MEMORANDUM AND ORDER

ROBSON, District Judge.

The plaintiff, Gulf Insurance Company, has filed this declaratory judgment suit to determine whether it has an obligation to defend a lawsuit now pending against one of its insureds. This court is of the opinion that this case is ripe for declaratory relief, but that the complaint and the exhibits on their face reveal that the plaintiff does have an obligation to defend.

Sometime between May 23 and June 8, 1967, the defendant, John J. Dooley, Jr., a minor, was involved in an occurrence

which caused serious injury to the defendant, Mark Totzke, a minor. The incident involved the discharge of a pellet gun. Mr. Totzke filed a suit against Mr. Dooley in the state court. John J. Dooley, Sr., was insured at that time by the plaintiff under a homeowner's policy (No. H8–284–803). There is no dispute that Mr. Dooley, Jr., was included under the policy. The plaintiff contends that the suit filed by the defendant Totzke only alleges that the harm was caused intentionally; that its policy does not cover such intentional acts, and that, therefore, it is not bound to come into the state court suit and provide a defense for Mr. Dooley.

 There is, however, an initial question of whether this court should assume jurisdiction of this suit. In a declaratory judgment action, this court has discretion to dismiss suits which are not real and substantial controversies, or which request advisory opinions. E.g., Public Service Commission of Utah et al. v. Wycoff Company, Inc., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Zemel v. Rusk, Secretary of State et al., 381 U.S. 1, 19, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965). Illinois law does not allow an insurance company to raise the question of a policy's coverage in the state court suit which the insurance company claims it does not have to defend. In fact, it is error to mention the existence of liability insurance. E.g., Kavanaugh v. Parret, 379 Ill. 273, 277, 40 N.E.2d 500 (1942). Therefore, for this plaintiff to find out whether its policy covers the occurrence in question, it would have to file another action in the state courts for a declaration of its rights. E. g., Sims v. Illinois National Casualty Co., 43 Ill.App.2d 184, 193 N.E.2d 123 (1963). Since the plaintiff is presently confronted with the defense of the state court suit, this is not a request for an advisory opinion or a "friendly" suit, but a real and substantial controversy. On these grounds, therefore, this court is of the opinion that it should exercise its discretion and assume jurisdiction. However, a study of the complaint and the exhibits shows that the proper interpretation of the insurance contract in question demands that the plaintiff defend the state court suit.

 The plaintiff correctly states the Illinois law relating to an insurance company's obligation to defend its insureds, but does not apply it properly. In order for an insurance company to be relieved from its responsibility to defend, Illinois law requires that the complaint against the insured (here the suit by Totzke against Dooley) show, on its face, that it clearly falls outside the provisions of the insurance policy. Any doubt is to be resolved in favor of coverage. Sims v. Illinois National Casualty Co., supra; Palmer v. Sunberg, 71 Ill. App.2d 22, 217 N.E.2d 463 (1966). The plaintiff here contends that Count II of the state court complaint is clearly within the exclusion of liability for "bodily injury or property damage caused intentionally by or at the direction of the Insured." While it may be true that Count II does fall within this exclusion, it is also true that Count III is, on its face, covered by the plaintiff's policy.

 Count II of the Totzke complaint does allege that the injuries were caused "wilfully, wantonly, and without just cause or provocation" and that "malice is the gist of this action." But Count III charges that the same injuries were caused by the negligence of the same parties. This is acceptable alternative pleading, and the complaint taken as a whole shows that it alleges enough to come within the following provision of the policy:

"This company agrees with the named insured * * * [that] the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent. * * *"

This court is foreclosed by the *Sims* and *Palmer* cases, supra, from attempting to determine what the proof will reveal

when the state court suit is finally decided. It is clear to this court that the plaintiff, Gulf Insurance Company, has the obligation to defend Mr. Dooley, Jr., in the suit brought against him by Mr. Totzke.

This suit must, therefore, be dismissed. It is so ordered.