424 So.2d 893 (1982)
CROWN LIFE INSURANCE COMPANY, Appellant,
v.
Faustino GARCIA and Ela Garcia, Appellees.
No. 82-346.
District Court of Appeal of Florida, Third District.
December 21, 1982.
Rehearing Denied January 28, 1983.
*894 Lyons & Farrar and Marsha Lyons, Coral Gables, for appellant.
Mark King Leban, Miami, Ivan M. Tobias, Coral Gables, for appellees.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Judge.
This case involves a claim for the cost of the hospitalization of a dependent child under the Major Medical Expense Benefits of a group medical insurance policy issued by Crown Life to the employer of the child's father. Crown denied liability, claiming that because the child was afflicted by Down's syndrome, a congenital condition with devastatingly adverse and permanent mental and physical consequences, he was "disabled" and thus disqualified under the emphasized portions of the following policy exclusion:
[W]ith respect to insurance under the MAJOR MEDICAL EXPENSE BENEFIT ... insurance for a dependent ... who is disabled on the date he would otherwise become insured shall not become effective until the earlier of the date immediately following his subsequent completion of a period of thirty-one consecutive days during which he was not disabled, or the date evidence of insurability is approved by Crown Life, ....
For the purposes of this subsection ... a dependent shall be considered to be disabled if he is prevented by any sickness, bodily injury, or mental infirmity from performing or engaging in his normal and accustomed duties or occupations ... or from performing or engaging in duties or activities, household or otherwise, which reasonably could be considered to be normal for a person of the same age and sex. [e.s.]
Although there was uncontradicted testimony that Vicente Garcia was indeed entirely unable to engage in virtually all of the activities of a normal seven-year-old boy, the trial judge entered summary judgment for his parents on the ground that the provision in question did not unambiguously exclude coverage. While we affirm the order, we do so on quite a different ground.[1]
*895 Under the definition invoked by the carrier, medical expenses otherwise payable would not be afforded only because Vicente is permanently and irremedially disabled by a condition with which he was born and thus can never be eligible to receive them. We hold, however, that the clause is invalidated by a specific provision of the Florida law which forbids discrimination against the handicapped in affording such benefits. Section 627.6576, Florida Statutes (1981), which is deemed incorporated into every relevant policy of insurance, Sentry Insurance v. Brown, 424 So.2d 780 (Fla. 1st DCA 1982), and cases cited; and which applies to the one before us, states:

Discrimination against handicapped under policies of group, blanket, or franchise insurance prohibited.  No insurer offering a policy or policies of group, blanket, or franchise disability insurance shall refuse to provide, or charge unfairly discriminatory rates for, disability coverage for a person solely because he or she is mentally or physically handicapped. Nothing in this section should be construed as requiring an insurer to provide insurance coverage against a person's handicap which the applicant or policyholder has already sustained. [e.s.][2]
It is clear that, by virtue of this section, payments cannot be denied on the sole ground that Vicente is handicapped. Since this is the undeniable effect of the pertinent definition of "disabled," it cannot be enforced  and coverage must therefore be provided. The carrier argues that the reference to "disability coverage" does not include the major medical benefits now in question.[3] This position is belied by the statutes themselves.[4] Section 624.603, Florida Statutes (1981) unequivocally states:

`Disability insurance' defined. 
`Disability insurance,' also known as `health insurance,' is insurance of human beings against bodily injury, disablement, or death by accident or accidental means, or the expense thereof, or against disablement or expense resulting from sickness, and every insurance appertaining thereto. Disability insurance does not include workers' compensation coverages. [e.s.][5]
The thus-manifest applicability of Sec. 627.6576 to the present controversy requires[6] that the judgment below be
Affirmed.
NOTES
[1] We are unable to discern any uncertainty or ambiguity either in the alternative definition of "disabled" itself, Prudential Ins. Co. of America v. Wynn, 398 So.2d 502 (Fla. 3d DCA 1981), or the clear application of that clause to the unfortunate facts of this case. Puente v. Arroyo, 366 So.2d 857 (Fla. 3d DCA 1979), cert. denied, 376 So.2d 75 (Fla. 1979). On the contrary, the conclusion that the policy terms provide coverage can be achieved only by changing the disjunctive word, "or," between the two separate exclusionary definitions of "disabled" to the conjunctive "and." Prudential Ins. Co. of America v. Bellar, 391 So.2d 737 (Fla. 4th DCA 1980). Courts are forbidden, however, from engaging in any such rewriting process, even in the guise of "interpreting" an insurance policy against the company. Griffin v. Speidel, 179 So.2d 569 (Fla. 1965).
[2] Sec. 627.644, Fla. Stat. (1981) is identical, except that it applies to all disability insurers.
[3] Though the appellees actually agree with this position, our obligation to affirm the judgment upon any ground supported by the record and the applicable law, even if not relied upon below, In re Estate of Yohn, 238 So.2d 290 (Fla. 1970), requires that this improvident concession be disregarded. See Penthouse, Inc. v. Saba, 399 So.2d 456, 458 (Fla. 2d DCA 1981), rev. denied, 408 So.2d 1095 (Fla. 1981); 5 C.J.S. Appeal and Error § 1464(1), n. 63.5 (1958).
[4] The parties apparently believe that "disability coverage" means only "disability income protection insurance." That this is not the case is demonstrated, not only by Sec. 624.603, but by Sec. 627.643(2), Fla. Stat. (1981), which is contained within Part VI of the Insurance Code, covering "disability insurance policies," and which includes disability income protection, as just one of several different types of "accident and health insurance" listed in the subsection. Sec. 627.643(2)(f), Fla. Stat. (1981).
[5] The legislature's intent to include medical payment insurance within the ambit of Sec. 627.6576 is further demonstrated by its later clarifying amendment of that provision. See Florida Patient's Compensation Fund v. Mercy Hospital, Inc., 419 So.2d 348 (Fla. 3d DCA 1982). It now states

Discrimination against handicapped under policies of group, blanket, or franchise health insurance prohibited.  No insurer offering a policy of group, blanket, or franchise health insurance shall refuse to provide, or shall charge unfairly discriminatory rates for, health insurance coverage for a person solely because the person is mentally or physically handicapped. Nothing in this section should be construed as requiring an insurer to provide insurance coverage against a handicap which the applicant or policyholder has already sustained. [e.s.]
Sec. 627.6576, Fla. Stat. (Supp. 1982).
[6] The record is unclear as to whether the particular affliction, diabetes ketoacidosis, which required the hospitalization in issue here was associated with Vicente's Down's syndrome. This uncertainty does not preclude the affirmance of the summary judgment because, although Sec. 627.6576 does not itself prevent a carrier from denying coverage "against a person's handicap which [he] has already sustained," the instant policy contains no such exclusion. The only one it does have provides for a total disentitlement of any benefits for a permanently handicapped person  even if they are totally unrelated to the handicap  and is, therefore, as we have seen, invalid.