**Glenn Clark TROELSTRUP, Petitioner,**

v.

**The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER; the Honorable Warren O. Martin, One of the Judges thereof; Allstate Insurance Company; the State of Colorado, Fort Logan Mental Health Center; and, W.M.L., a Minor, By and Through his Mother and Next Friend, S.K.L., Respondents.**

**No. 85SA33.**

Supreme Court of Colorado, En Banc.

Jan. 21, 1986.

Jacobson & Morrell, J. Gregory Morrell, Denver, for petitioner.

White & Steele, P.C., Robert A. Zupkus, Denver, for respondent Allstate Ins. Co.

ROVIRA, Justice.

In this original proceeding, petitioner Glenn Troelstrup asks us to prohibit the District Court in and for the City and County of Denver from hearing a declaratory judgment action, brought by Allstate Insurance Company (Allstate) against the petitioner, before trial of a case brought by W.M.L., a minor, against the petitioner. We issued a rule to show cause and now discharge the rule.

In December 1983, W.M.L., by and through his mother, filed a suit against the petitioner and the State of Colorado, Fort Logan Mental Health Center, in the Denver District Court, Civil Action 83CV11229, seeking money damages for negligence and outrageous conduct. The complaint alleged in part that the petitioner engaged in homosexual acts and committed a sexual assault on W.M.L., and photographed and developed nude and erotic photographs of W.M.L. The claims against Fort Logan Mental Health Center arise from the allegation that petitioner served on an advisory committee to the mental health staff.

The petitioner tendered defense of W.M.L.'s suit to Allstate under his homeowner's

insurance policy. Allstate accepted defense of the suit under a reservation of rights and retained the services of independent counsel to defend the petitioner.[1] It then filed a declaratory judgment action naming the petitioner; the State of Colorado, Fort Logan Mental Health Center; and W.M.L. as defendants in the Denver district court, Civil Action 84CV4292, seeking a declaration that petitioner's acts were not covered under the homeowner's policy. §§ 13–51–101 to –115, 6 C.R.S. (1973). Petitioner answered the declaratory complaint by denying the material allegations and counterclaimed for compensatory and punitive damages arising from the negligent, bad faith, and outrageous conduct of Allstate.

The declaratory action was assigned to Judge Warren O. Martin, who ordered that it be set for trial. The petitioner filed a Motion for Order Delaying Setting in which he requested that the declaratory judgment case not be set for trial until after final judgment is rendered in the W.M.L. case. In support of his motion, petitioner stated that in the declaratory action Allstate alleged that his acts were intentional and therefore excluded from coverage under the policy, while in the W.M.L. case his acts were alleged to be willful and wanton; therefore, both cases involve common questions of law and fact. He further contended that should Allstate successfully prove that his actions were intentional, he would be prejudiced in his defense of the W.M.L. case because he might be precluded as a matter of law from defending against W.M. L.'s claims of outrageous, willful, and wanton misconduct pursuant to the doctrine of collateral estoppel.

The motion to delay setting was denied, and the case was set for trial on March 27, 1985. Subsequently, petitioner moved for

a continuance on the grounds that the W.M.L. case had been set for trial on June 3, 1985, and the interests of justice require that the declaratory action be continued until after trial of the personal injury action. This motion was also denied.

In his petition in the nature of prohibition and mandamus, petitioner argues that the respondent judge abused his discretion in not granting petitioner's motion to continue the declaratory judgment action so that W.M.L.'s case could be tried first. He claims that as the cases are presently postured he will be forced to defend himself in the declaratory judgment action against the "vast resources" of Allstate before defending himself in the personal injury action Further, he reasserts the arguments previously advanced in support of his Motion for Order Delaying Setting.

Allstate responds by contending that it has no obligation to defend petitioner because the alleged tortious conduct is excluded under the policy. The relevant exclusion clause provides: "We do not cover bodily injury or property damage intentionally caused by an insured person." Allstate asserts that the declaratory action should be heard prior to the tort claim because Troelstrup's activities were "clearly not the type of risk even remotely contemplated by the homeowner's insurance policy." Allstate further asserts that any prejudice suffered by Troelstrup in defending the declaratory judgment action "does not go beyond the inherent prejudice that results from losing any declaratory judgment action."

As a preliminary matter, we note that Allstate has the right to seek a judicial determination of its obligations under Troelstrup's homeowner's insurance policy.

---

1. We stated in *Hartford Insurance Group v. District Court,* 625 P.2d 1013, 1015 n.2 (Colo.1981):

Where the insurer is not convinced the insured's conduct at the time of the accident is within the policy's coverage, the insurer may decide to provide a defense while reserving its rights to contest its liability under the policy. An insurer may protect itself in this manner by tendering a reservation-of-rights notice to

the insured. Such action assures that the insurer's defense of the insured will not be treated as a waiver of its right to raise any policy defenses available to it. *See R. Keeton, Insurance Law* at 410 (1971); *J. Appleman,* 7C *Insurance Law and Practice,* § 4694 at 336 (rev. ed. W. Berdal 1970); *A. Anderson,* 14 *Couch on Insurance Law,* § 51:83 at 587 (2d ed. 1965).

It is beyond dispute that an insurance company has the right to seek a declaration of its rights and duties under a policy of insurance. §§ 13–51–106, –107, 6 C.R.S. (1973); *O'Herron v. State Farm Mutual Auto Insurance Co.*, 156 Colo. 164, 397 P.2d 227 (1964). The granting of declaratory relief is a matter resting in the sound discretion of the trial court and is not precluded even when there is another adequate remedy. C.R.C.P. 57(m). Resolution of the issue as framed in the declaratory action will result in a determination of Allstate's duty to defend petitioner in the underlying tort action. The existence or nonexistence of this duty "is a proper and sufficient ground for invoking the jurisdiction of the courts under the declaratory judgment act, and presents a justiciable controversy." 20 J. Appleman, *Insurance Law and Practice* § 11354, at 338 (1980) (footnote omitted).

In support of their respective positions both parties rely on *Hartford Insurance Group v. District Court*, 625 P.2d 1013 (Colo.1981). In *Hartford*, the insurer brought an original proceeding seeking an order prohibiting the district court from postponing the resolution of a declaratory judgment action in which the insurer sought a declaration concerning its contractual obligations of indemnification and defense to certain persons who were named defendants in a pending personal injury suit. The underlying personal injury suit arose from a collision between two trucks. The plaintiff, a driver of one of the two trucks, filed a personal injury complaint alleging negligence on the part of the other driver, the driver's employer, and the transit company for whom the employer was an agent. The insurer, who insured the transit company, filed a complaint under the Declaratory Judgment Act seeking a declaration that it was not obligated under the policy to defend or indemnify the defendants in the personal injury action. The trial court judge disagreed, finding that the insurer's policy with the defendant "clearly

indicated a duty to defend." *Id.* at 1016. Accordingly, the trial court refused to hear the declaratory action before the personal injury trial.

In the original proceeding, the insurer argued that the trial court abused its discretion in postponing the declaratory action until resolution of the personal injury action. This court disagreed, holding that it was not an abuse of discretion to hear the declaratory action after the personal injury trial. In so holding, we reasoned, in part, that the case was not one "in which the tort action against the insured is based on conduct that is patently outside the terms of the insurance contract." *Id.* at 1017.

We are not called upon now to decide whether Troelstrup's conduct was "patently outside" the terms of the contract. This issue is a matter to be decided at the declaratory judgment hearing. Rather, we now decide only whether the trial court abused its discretion in setting the declaratory action before the personal injury action.

▬ Unlike the facts in *Hartford*, the complaint filed by W.M.L. alleges more than mere negligence. Here, W.M.L.'s complaint alleged homosexual acts and a sexual assault on a minor.[2] The complaint alleges that the petitioner's conduct was attended by "circumstances of willful, wanton and reckless disregard" of W.M.L.'s rights and feelings, and that petitioner's conduct was extreme, outrageous, and intolerable in a civilized community. Moreover, the pleadings produced subsequent to the complaint arguably support W.M.L.'s allegations. Hence, unlike *Hartford*, the nature and character of the alleged facts giving rise to W.M.L.'s personal injury case establish a reasonable likelihood that the alleged tortious conduct of Troelstrup is excluded from coverage under his homeowner's policy. Therefore, the trial judge appropriately exercised his discretion in affording Allstate an opportunity to obtain a

---

**2.** Petitioner entered a plea of *nolo contendere* to the charge of sexual assault on a minor.

§ 18–3–405, 8 C.R.S. (1978).

declaration of its obligations under the policy prior to the personal injury trial which is likely to entail the expenditure of considerable resources.

Other courts have held that an intentional injury exclusion clause may be invoked to negate the insurer's duty to defend where the nature and character of the act is such that the intent to inflict injury may be inferred as a matter of law. *See, e.g., Allstate Insurance Co. v. Kim W.,* 160 Cal.App.3d 326, 206 Cal.Rptr. 609, 613 (1984) (sexual assault on a child); *Horace Mann Insurance Co. v. Independent School District,* 355 N.W.2d 413, 416 (Minn.1984) (nonconsensual sexual contact with a minor); *State Farm Fire and Casualty Co. v. Williams,* 355 N.W.2d 421, 425 (Minn.1984) (repeated nonconsensual sexual acts upon a physically disabled adult).

We hold, therefore, that the trial court did not abuse its discretion by setting the declaratory judgment action for a date preceding the personal injury action where the personal injury plaintiff has alleged sexual assault on a minor and the insured's homeowner's policy excludes coverage for "bodily injury or property damage intentionally caused by an insured person." Accordingly, the rule to show cause is discharged.

ERICKSON, J., specially concurs.

NEIGHBORS, J., joins in the special concurrence.

ERICKSON, Justice, specially concurring:

I concur in the result reached by the court. I write separately to express my view that the majority unnecessarily holds that there is "a reasonable likelihood that the alleged tortious conduct of Troelstrup is excluded from coverage under his homeowner's policy" (at 1012). The court makes this determination in order to distinguish *Hartford Insurance Group v. District Court,* 625 P.2d 1013 (Colo.1981), a case which I believe has little applicability to the issue we address here.

In *Hartford Insurance,* we held that a district court "did not abuse its discretion

in ordering the negligence action to proceed to trial *before* the rendition of any declaratory judgment on the contractual obligations of indemnification and defense to the named defendants in that negligence action." 625 P.2d at 1018 (emphasis added). In *Hartford,* the facts in issue, based upon a comparison of the prejudice to the respective parties, dictated that the negligence claim be resolved before the declaratory judgment action. In the present case we face the question of whether the Denver District Court abused its discretion by requiring the tort suit against Troelstrup to proceed to trial *after* the Allstate declaratory judgment action.

Numerous cases hold that a declaratory judgment action by an insurer to determine its defense responsibilities can be given priority over the trial of the underlying tort claim. For example, *Gulf Insurance Co. v. Dooley,* 286 F.Supp. 16 (N.D.Ill.1968), held that the insurance carrier could seek declaratory relief prior to the trial of the underlying tort action to determine whether it had an obligation to defend. The federal district court stated that since "Illinois law does not allow an insurance company to raise the question of a policy's coverage in the state court [tort] suit," the declaratory judgment action presented a real and substantial controversy that should be resolved before the tort claim. 286 F.Supp. at 17. *Farmers Alliance Mutual Insurance Co. v. Reed,* 530 S.W.2d 470 (Mo.App.1975), similarly held that an insurer could maintain a declaratory judgment action to determine whether the "intentional conduct" clause in the insurance contract relieved the insurer of its obligation to defend the insured in the subsequent tort action. *See also, e.g., Continental Casualty Co. v. Employers Commercial Union Insurance Co.,* 476 F.2d 782 (8th Cir.1973); *Allied Mutual Insurance Co. v. Hingst,* 360 F.Supp. 1204 (D.N.D. 1973); *Lincoln Casualty Co. v. Vic and Mario's, Inc.,* 62 Ill.App.2d 262, 210 N.E.2d 329 (1965); *Poynter v. Fidelity & Casualty Co.,* 140 So.2d 42 (La.App.1962); *Public Service Mutual Insurance Co. v. Gold-*

*farb,* 53 N.Y.2d 392, 442 N.Y.S.2d 422, 425 N.E.2d 810 (1981); *Firemen's Insurance Co. v. Burch,* 442 S.W.2d 331 (Tex.1968).

In view of the substantial authority supporting the district court's decision to hear the declaratory judgment action first, the court here need not distinguish *Hartford Insurance,* a case not on point. In analyzing *Hartford* (slip op. at 7), the majority virtually decides the merits of Allstate's summary judgment claim, stating that Troelstrup's conduct is likely not covered by the Allstate policy. Such a factual determination is properly made by the trial court. Our only function in this original proceeding is to decide the preliminary question of whether the district court abused its discretion by giving priority to the declaratory judgment action.

I am authorized to say that Justice NEIGHBORS joins me in this special concurrence.