516 So.2d 305 (1987)
Tiffany Leigh LANDIS, Etc., et al., Appellants,
v.
ALLSTATE INSURANCE COMPANY, Etc., et al., Appellees.
No. 86-2161.
District Court of Appeal of Florida, Third District.
December 1, 1987.
Rehearing Denied January 11, 1988.
*306 Daniels & Hicks, P.A., and Patrice A. Talisman, Adams, Hunter, Angones, Adams, Adams & McClure, Philip M. Gerson and Mark D. Feinstein, Horton, Perse & Ginsberg, Ratiner & Glinn, P.A., Miami, for appellants.
Rumberger, Kirk, Caldwell, Cabaniss & Burke and Sharon Lee Stedman and Lori J. Caldwell, Orlando, Whitelock & Richardson and Wayne K. Richardson, Miami, for appellee Allstate Ins. Co.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a summary final judgment entered in favor of Allstate Insurance Company. We affirm the trial court's determination that the insurance policy in question clearly excluded the coverage sought.
The Fusters operated a licensed child care facility out of their Country Walk home. The parents of children who had been left in the Fusters' care [collectively Landis] filed complaints against the Fusters for gross negligence in the operation of the Fusters' child care facility. The complaints alleged that the Fusters committed deliberate and intentional sexual batteries upon the children while they were in their care.[1] These suits were consolidated for trial.
Allstate had issued a deluxe homeowners insurance policy to Frank and Ileana Fuster. The policy contained specific provisions excluding coverage for bodily injury arising out of the business pursuits of an insured person and for bodily injury intentionally caused by an insured person.[2]
The Fusters demanded that Allstate provide them with coverage and a defense to these lawsuits under their homeowners policy. Although Allstate disclaimed coverage because of exclusions in the policy for intentional acts and business pursuits, Allstate began its defense of the Fusters under a reservation of rights. Subsequently, Allstate filed a complaint for declaratory judgment to determine whether it owed the Fusters coverage and a defense. The complaint alleged that Allstate's duty to the Fusters was obviated by the business pursuits and intentional acts exclusions in the Fusters' policy. Allstate then moved for summary judgment.
We affirm the trial court's order granting final summary judgment for Allstate based upon the policy's exclusion of coverage for "bodily injury intentionally caused by an insured person."[3] The acts of child molestation alleged in Landis's complaint were clearly intentional or deliberate *307 acts of the insureds, the Fusters. Allstate was, accordingly, not required to provide the Fusters with either a defense or coverage. See, e.g., Beaton v. State Farm Fire & Casualty Co., 508 So.2d 556 (Fla. 4th DCA 1987) (insured not entitled to liability coverage where evidence established that insured had intentionally hit assault victim); Leek v. Reliance Ins. Co., 486 So.2d 701 (Fla. 4th DCA 1986) (no recovery for property owner whose trees were damaged by insured's unauthorized cutting where insured's homeowners policy contained specific exclusion for intentional acts of insured); Peters v. Trousclair, 431 So.2d 296 (Fla. 1st DCA 1983) (insurer not liable to claimant who was repeatedly stabbed by insured in jealous rage where insured's policy excluded coverage for injuries expected or intended by insured).
In reaching this conclusion, we approve and follow the dissenting opinion of Judge Frank in the virtually identical case of Zordan v. Page, 500 So.2d 608 (Fla. 2d DCA 1986), review denied sub nom. South Carolina Ins. Co. v. Zordan, 508 So.2d 15 (Fla. 1987); accord Allstate Ins. Co. v. Roelfs, No. A87-061 Civ. (D.Alaska Aug. 17, 1987); Horace Mann Ins. Co. v. Independent School Dist. No. 656, 355 N.W.2d 413 (Minn. 1984); Grange Ins. Ass'n v. Authier, 45 Wash. App. 383, 725 P.2d 642 (1986). See generally 9 Ins. Litigation Rep. 261 (1987). We cannot improve upon Judge Frank's analysis and reasoning and therefore adopt his opinion as our own. By doing so, we are necessarily in direct conflict, which we hereby formally certify to the supreme court, with the majority view in Zordan.
Affirmed.
SCHWARTZ, C.J., and HUBBART, J., concur.
JORGENSON, Judge, specially concurring.
Affirmance of the final summary judgment for Allstate is also supported by the business exclusion in the Fusters' homeowners policy. Allstate had moved for summary judgment solely on the basis of the business pursuits exclusion. Following numerous hearings, the trial court found that the babysitting service for compensation constituted a "business" as defined in Allstate's policy and properly concluded that Allstate had no duty to defend the Fusters in the negligence suits. The trial court also determined that the babysitting and supervising of the children in the Fuster home did not constitute "activities normally considered non-business" as defined in Allstate's policy. Clearly, the trial court predicated its entry of summary judgment for Allstate on the business pursuits exclusion.
Landis's argument that the act of child molestation is unequivocally a non-business activity and thus within the ambit of the exception to the business pursuit exclusion, i.e., "activities normally considered non-business," is incorrectly focused. The crucial conduct at issue in this case is not child molestation; rather, negligent care or supervision of children is the crux of Landis's underlying suit. The Fusters' failure to care properly for the children may be regarded only as a business pursuit, and not as a non-business activity. See Republic Ins. Co. v. Piper, 517 F. Supp. 1103 (D.Colo. 1981) (injury to small child intentionally inflicted by insured day care provider not covered under insured's homeowners policy since injury arose out of business pursuit of insured, and did not result from "activities *308 which are ordinarily incident to non-business pursuits."); Stanley v. American Fire and Casualty Co., 361 So.2d 1030 (Ala. 1978) (no coverage under babysitter's homeowners insurance policy containing exclusion for business pursuits for injuries sustained by baby who fell in fireplace while babysitter was in kitchen preparing lunch; "activity referred to is not preparing lunch, which would ordinarily be incident to a non-business pursuit, but rather to the failure to properly supervise a young child."); Peterson v. Highland Ins. Co., 328 So.2d 49 (Fla. 3d DCA 1976) (policy containing business exclusion clause did not cover injury to infant who was left with homeowner running babysitting service for compensation); Allstate Ins. Co. v. Kelsey, 67 Or. App. 349, 678 P.2d 748 (in banc) (homeowners insurance policy excluded coverage of claim for wrongful death of infant killed during insured's babysitting activities when ladder fell on infant's playpen; infant's death arose out of insured's babysitting notwithstanding that ladder that fell on infant had been used in course of a non-business activity), rev. denied, 297 Or. 227, 683 P.2d 91 (1984).
I would, therefore, affirm the final summary judgment entered in favor of Allstate on the same basis as the trial court.
NOTES
[1] Both Frank and Illeana Fuster have been convicted of criminal charges of sexual battery of the children left in their care. State v. Fuster, No. 84-19728 (Fla. 11th Cir.Ct. 1984).
[2] These exclusions were expressed in the policy as follows:

Exclusions  Losses We Do Not Cover
1 We do not cover bodily injury intentionally caused by an insured person.
8 We do not cover bodily injury arising out of the business pursuits of an insured person.
We do cover:
a) activities normally considered non-business;
b) the occasional and part-time business activities of an insured person who is a student under 21 years of age.
[3] We do so, even though the trial court based its decision on the business pursuits exclusion, under the established rule that the decision of the lower court will be affirmed on appeal on any basis which appears in the record, whether or not it was relied upon below. In Re Estate of Yohn, 238 So.2d 290 (Fla. 1970). Contrary to the appellant's contention, this principle fully applies to summary judgment proceedings such as this one. Szabo v. Ashland Oil Co., 448 So.2d 549 (Fla.3d DCA 1984), pet. for review denied sub nom. Exxon Corp. v. Szabo, 453 So.2d 43 (Fla. 1984); Crown Life Ins. Co. v. Garcia, 424 So.2d 893 (Fla.3d DCA 1982); Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976). The case cited for the contrary position, Gisela Invs., N.V. v. Liberty Mut. Ins. Co., 452 So.2d 1056, 1057 (Fla. 3d DCA 1984), does not apply because the alternative ground urged there "was not specifically asserted by motion or argued to the trial court, and ... was not supported by any evidence at the time of the hearing on the motion for summary judgment." In this case, in contrast, the facts involved in the "intentional acts" exclusion question were fully, indeed uncontradictedly, developed below.