523 So.2d 1208 (1988)
Susan McCULLOUGH, etc., et al., Appellants,
v.
CENTRAL FLORIDA YMCA, etc., Appellee.
No. 87-1392.
District Court of Appeal of Florida, Fifth District.
March 31, 1988.
Rehearing Denied April 26, 1988.
Scott L. Sterling, Orlando, for appellants.
Michael M. Bell of Hannah, Marsee, Beik & Voght, P.A., for appellant Shearer.
Thomas G. Kane of Kane & Degailler, P.A., Rockledge, for appellee The Ins. Co. of the State of Pa.
COWART, Judge.
An action was brought on behalf of children allegedly molested by an employee of a YMCA[1] which was insured under a policy covering an "occurrence," defined in part as
an accident ... which results in bodily injury . .. neither expected nor intended from the standpoint of the insured.
From a summary judgment finding no coverage, this appeal results.
We affirm based on Landis v. Allstate Insurance Co., 516 So.2d 305 (Fla. 3d DCA 1987), which follows Judge Frank's dissent in Zordan v. Page, 500 So.2d 608 (Fla. 2d DCA 1986), rev. denied sub nom., South Carolina Insurance v. Zordan, 508 So.2d 15 (Fla. 1987), and express direct conflict with the majority opinion in Zordan.[2]
It is now well understood that the specific intent of the classic child molester is to do an act to gratify his own warped sexual desires. If, before his act, the molester thinks at all about the possible effect his act has on the child, he normally rationalizes that his act will not cause bodily injury or other harm to the child. In any event, insurance coverage does not depend on the child molester's "specific intent" to do or not to do bodily injury to the child. Regardless of the molester's subjective speculation, expectation, or intent to cause or not to cause bodily injury to a molested child, *1209 an intentional act of child molestation of a criminal character is not an accident.[3]
AFFIRMED.
ORFINGER and DANIEL, JJ., concur.
NOTES
[1] The complaint alleges the YMCA employee "did act in a willful, wanton and reckless manner by sexually molesting" three young boys by fondling their genitals.
[2] See generally Annot., Construction and Application of Liability Insurance Policy Expressly Excluding Injuries Intended or Expected by Insured, 31 A.L.R. 4th 957 (1984).
[3] See, e.g., Clemmons v. American States Insurance Co., 412 So.2d 906 (Fla. 5th DCA), 34 A.L.R. 4th 755, rev. denied, 419 So.2d 1196 (Fla. 1982).