### FOREMOST INSURANCE COMPANY, Plaintiff,

v.

**J. Robert WEETMAN, Vincent B. Platek, Janice A. Platek, and Vincent B. Platek and Janice A. Platek, as parents and natural Guardians of Gregory M. Platek, a minor, Eric M. Platek, a minor, and Michael S. Platek, a minor, and Donegal Mutual Insurance Company, Defendants.**

**Civ. A. No. 89–177.**

United States District Court, W.D. Pennsylvania.

Dec. 5, 1989.

Dennis A. Watson, Grogan, Graffam, McGinley & Lucchino, P.C., Pittsburgh, Pa., for plaintiff Foremost Ins. Co.

Paul R. Giba, Pittsburgh, Pa., for defendants Plateks.

William Haushalter, Rosenberg, Kirshner, P.A., Pittsburgh, Pa., for defendant J. Robert Weetman.

Andrew Banyas, III and Scott G. Dunlop, Zimmer, Kunz, Loughren, Hart, Lazaroff, Trenor, Banyas and Conaway, P.C., Pittsburgh, Pa., for defendant Dunegal Mut. Ins. Co.

## MEMORANDUM AND ORDER

McCUNE, Senior District Judge.

In this declaratory judgment action, we consider motions for summary judgment filed by plaintiffs Foremost Insurance Company, (Foremost), and one of the defendants, Donegal Insurance Company (Donegal). Foremost and Donegal seek a declaration that they are not responsible to pay any damages resulting from a state court action against their insured. Because we construe the insurance policies in question in favor of both insurance companies, the summary judgment motions will be granted.

### Factual Background

Defendants, Vincent B. Platek and Janice A. Platek, as parents and natural guardians of their minor children, Gregory M. Platek, Eric M. Platek, and Michael S. Platek (collectively the "Plateks"), have filed an action in the Court of Common Pleas of Allegheny County, Pennsylvania, at No. GD 87–13912 alleging that J. Robert Weetman (Weetman) in the fall of 1985, sexually abused the minor children by various acts of touching.

At the time of the alleged abuse, Weetman had two Homeowner's Insurance policies, one for his mobile home, where the incidents allegedly occurred, and one for his permanent residence. Foremost has issued the former policy and Donegal the latter.

Foremost filed a declaratory judgment action here on January 26, 1989, seeking a declaration that it would not be responsible to pay any damages resulting from the Plateks' suit. Donegal was later brought in and seeks the same declaration.

Both policies contain exclusions for conduct which results in bodily injury which is "expected or intended" by the insured.

Both Foremost and Donegal have moved for summary judgment on the ground that child molestation, as a matter of law, is conduct which is expected or intended to cause harm, and is excluded from coverage. The Plateks and Weetman both argue that Pennsylvania law would find an issue of fact in dispute, i.e., whether Weetman meant harm to the children when the alleged sexual assaults took place. It is argued that if Weetman meant no harm, the policy exclusions would not apply.

### Discussion

Both Foremost and Donegal argue that their insured, Weetman, engaged in certain sexual activities which were not covered by either policy.

The Donegal policy provides:

If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:

a. Pay up to our limit of liability for the damages for which the insured is legally liable.

The Foremost policy provides the same coverage as the Donegal policy, namely, payment for damages and the providing of defense counsel.

Both policies contain exclusions to the liability coverage described above. The particular exclusion at issue here is an intentional injury exclusion. Both policies clearly state that coverage does not apply to personal injury to others which is "expected or intended" by the insured.

The clause reads as follows:

Section II—Personal Liability for Bodily Injury and Property Damage and Medical Payments to Others will not pay for:

> Claims which are expected or intended by any of you or performed at any of your direction.

Pennsylvania Appellate Courts have not addressed the issue whether intent to cause harm, for purposes of an intentional act exclusion in a homeowner's policy, can be inferred as a matter of law from acts of sexual abuse committed by the insured. Our jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and thus, we must apply Pennsylvania law or predict the law which Pennsylvania courts will follow.

In interpreting intentional act exclusions in insurance policies, Pennsylvania courts have held that it is not sufficient that the act was intentional. To be excluded from coverage, the insured must have specifically intended to cause injury. *United Services Automobile Association v. Elitzky*, 358 Pa.Super. 362, 517 A.2d 982 (1986). An insured intended to cause an injury if he desired to cause the consequences of his act or if he knowingly acted such that the consequences were substantially certain to result. *Id.* at 989. Thus, Weetman and the Plateks argue that factual issues exist regarding Weetman's state of mind when the alleged acts of sexual abuse occurred. They contend that Weetman is a pedophile, and as such, he considered the sexual contact to be part of a caring relationship and that no harm was intended. Weetman and the Plateks assume that psychiatric testimony can be found to the effect that Weetman is a pedophile who intended no harm by his intentional acts.

Although Pennsylvania Appellate Courts have not addressed the issue, courts in a number of jurisdictions have considered it. A majority of the courts have held that in liability insurance cases involving sexual abuse of children, the intent to cause injury can be inferred as a matter of law.[1]

Two courts have thus far applied a strictly subjective test to an intentional injury exclusion in a liability insurance policy. However, these courts are clearly in the minority.[2] Two other courts which have adhered to the minority rule are in jurisdictions where the majority approach was subsequently adopted by another court in the same state, and in Colorado, the state Supreme Court has implied that it would follow the majority approach, but the Colorado Court of Appeals has subsequently adopted the minority view.

In *Troelstrup v. District Court*, 712 P.2d 1010 (Colo.1986), the Colorado Supreme Court held that the trial court did not abuse its discretion by setting the declaratory judgment action for a date preceding the personal injury action where the personal injury plaintiff had alleged sexual assault of a minor and the defendant's homeowner's policy contained an intentional acts exclusion. The court stated that there was a "reasonable likelihood" that the alleged tortious conduct of the insured was excluded from coverage. *Id.* at 1012. Although the court did not specifically conclude that sexual misconduct was excluded from coverage as a matter of law, it concluded that an insurer was appropriately afforded an opportunity to obtain a declaration of its rights and obligations under the policy where there was a likelihood that the insured's conduct was excluded.

The trial court in *Troelstrup* subsequently entered summary judgment in favor of the insurer in the declaratory judgment action, but the Colorado Court of Appeals reversed and held that genuine issues of material fact, as to whether the insured subjectively intended to harm the child, precluded summary judgment for the insurer. *Allstate Insurance Co. v. Troelstrup*, 768 P.2d 731 (Colo.App.1988) *cert. granted* (Feb. 6, 1989). We note that the current state of the law in Colorado adheres to the minority approach, however,

---

1. For a list of cases which have followed the majority approach see *Whitt v. Deleu,* 707 F.Supp. 1011, 1014–15 (W.D.Wis.1989).

2. Courts in two states may have adopted the minority approach. The states are Alabama and Florida.

the case will be heard by the State Supreme Court and there is a reasonable likelihood that the majority view will be adopted. See *Troelstrup v. District Court,* supra.

In Florida, the state courts of appeals are divided on the issue. In *Zordan v. Page,* 500 So.2d 608 (Fla.Dist.Ct.App.1986), *review denied sub. nom. South Carolina Insurance Co. v. Page,* 508 So.2d 15 (Fla. 1987) the Second District Court of Appeal of Florida followed the minority view. However in *McCullough v. Central Florida YMCA,* 523 So.2d 1208 (Fla.Dist.Ct. App.1988), and *Landis v. Allstate Insurance Co.,* 516 So.2d 305 (Fla.Dist.Ct.App. 1988), the Fifth and Third District Courts of Appeal, respectively, rejected the holding in *Zordan.* Both cases followed the majority rule on the issue and held that intent to cause harm can be inferred, as a matter of law, where the act of the insured was intentional sexual abuse of minors. Both *McCullough* and *Landis* adopted the dissenting opinion of Judge Frank in *Zordan,* which argued for the application of the majority approach. Judge Frank states:

> [i]t defies human response and sensitivity to conclude that the inevitable product of the sexual molestation of a child is not intended. *Zordan* at 613.

Thus, it is questionable whether or not Florida follows the minority approach.[3]

In *State Farm Fire and Casualty v. Estate of Jenner,* 856 F.2d 1359 (9th Cir. 1988), a case upon which the Plateks rely, the Ninth Circuit rejected the insurance carrier's argument that allegations of sexual abuse compel a finding of intentional wrongdoing. There the court held that acts constituting sexual molestation of minors, as defined in the California Penal Code, are willful as a matter of law unless there is credible evidence that the insured lacked the capacity to form an intent to harm. However, that decision was vacated by the Ninth Circuit and State Farm's petition for rehearing was granted. *State Farm Fire and Casualty Co. v. Estate of*

*Jenner,* 874 F.2d 604 (9th Cir.1989). Subsequently, the Ninth Circuit held that under California law, the insured's acts of sexual molestation created an inference of intent to harm that could not be overcome by evidence showing lack of subjective intent to injure. *State Farm Fire and Casualty Co. v. Estate of Jenner,* 874 F.2d 604 (9th Cir.1989).

In *MacKinnon v. Hanover Insurance Co.,* 124 N.H. 456, 471 A.2d 1166 (1984), the Supreme Court of New Hampshire held that for purposes of an intentional act exclusion of a homeowner's policy, the insured's subjective intent to cause injury was relevant in determining whether insurance coverage applied in a child molestation case. The court rejected the insurance carrier's argument that rules of public policy should preclude coverage in such cases.

In *Vermont Mutual Insurance Co. v. Malcolm,* 128 N.H. 521, 517 A.2d 800 (1986), the New Hampshire Supreme Court again addressed the issue. There, an insurer brought a declaratory judgment action to determine coverage under a homeowner's policy for liability arising from the insured's acts of sexual assault on a minor. The court held the sexual assault committed by the insured was so inherently injurious that it could not have been performed without causing the resulting injuries. Thus, no coverage applied because the assault fell within the purview of the intentional act exclusion contained in the policy.

We find it persuasive that the New Hampshire Supreme Court has changed its position on the issue, as well as the Ninth Circuit. Furthermore, it appears that both Florida and Colorado have conflicts which will soon be resolved by the Supreme Courts of those states. There is an apparent shift in minority jurisdictions toward the majority view.

In *State Auto Mutual Insurance Co. v. McIntyre,* 652 F.Supp. 1177 (N.D.Ala.1987) the United States District Court for the Northern District of Alabama held that, under Alabama law, an insured was covered under a homeowner's policy for any civil

---

3. In *Landis,* the issue was formally certified to the Florida Supreme Court because of the direct conflict between the appeals courts. See *Landis* at 307.

liability resulting from non-violent sexual abuse of children, notwithstanding the policy exclusion for injuries intended or expected by the insured, where the insured had no specific intent to harm. The court applied decisions of the Alabama State Courts which had interpreted intentional act exclusions in situations not involving sexual abuse of children. Thus, the Alabama State Courts have not specifically addressed the issue, and it remains to be seen which approach will be adopted by the Alabama Courts when and if the issue arises.

The Plateks argue that an unreported decision of this court *State Farm Fire and Casualty v. Christopher, et al.*, 729 F.Supp. 446 (W.D.Pa. 1988), is sufficient authority in support of their contention that insurance coverage for personal injuries suffered as a result of sexual misconduct with minors, depends upon whether or not the insured subjectively intended to cause the harm that resulted.

In *Christopher*, State Farm brought a declaratory judgment action, asserting that sexual molestation of children was an intentional act for purposes of an intentional acts exclusion of a homeowner's policy. The insured in *Christopher* was convicted of indecent assault, indecent exposure, and corruption of the morals of a minor. The insured had obtained a homeowner's policy from State Farm which was in effect at the time the sexual assaults took place. The policy contained an intentional acts exclusion similar to the ones in question here. The court held that issues of fact existed regarding the insured's specific intent to harm and denied State Farm's motion for summary judgment.

In light of the number of jurisdictions which adhere to the majority rule, and the fact that most of the jurisdictions which have followed the minority view appear to be moving toward adoption of majority approach, we decline to follow *Christopher*. One of the primary justifications for the minority approach is that it allows the victims to recover from another potential source. However, this benefit is outweighed by the effect of allowing sexual offenders to escape having to compensate

minor children for the harm that most courts have established is inherent in such behavior. Furthermore, sexual molestation of children is considered a criminal offense for which public policy precludes a claim that no harm is intended as a result of such acts.

A person who sexually abuses a minor cannot expect his insurer to cover his misconduct and cannot escape personal liability by claiming that he did not intend to cause any harm. In situations such as this, injury always ensues, and we conclude that one who manipulates children for his own sexual gratification intends any resulting injuries, as a matter of law.

We therefore conclude that Weetman's alleged attacks on the minor Plateks are excluded from coverage under both policies, and the motions for summary judgment will be granted.

An order follows.

### ORDER

AND NOW, December 5, 1989, upon consideration of the motions for summary judgment filed by Foremost Insurance Company and Donegal Insurance Company, the motions are granted, and neither insurance company is required to provide any liability coverage under the policies in question.