504 So.2d 6 (1986)
L.L.N., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1077.
District Court of Appeal of Florida, Second District.
December 23, 1986.
On Motion for Rehearing February 18, 1987.
*7 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Affirmed.
GRIMES, A.C.J., and SCHEB and FRANK, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The effect of our December 23, 1986, per curiam decision was to uphold the constitutionality of section 800.04, Florida Statutes (1985), and affirm the appellant's adjudication of delinquency under that statute. In his motion for rehearing, appellant requests that we certify this issue to the Florida Supreme Court or, in the alternative, issue an opinion expressly ruling on the constitutionality of section 800.04. That section provides:
Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.
Appellant, a child of fourteen, was adjudicated delinquent by committing a lewd and lascivious assault on a child under sixteen years of age. Appellant points out that the children involved are both members of the protected class under section 800.04. He contends that when the statute is used as a basis to prosecute a member of the protected class, a person of common intelligence cannot understand what is prohibited because of the difficulty of distinguishing between the victim and the perpetrator. Also, he argues that members of the protected class should be permitted to use the defenses of consent or lack of chastity. Thus, he contends that section 800.04 is unconstitutionally void for vagueness when applied to children under sixteen.
*8 In determining whether a statute is constitutional every presumption is to be indulged in favor of the validity of the statute. Griffin v. State, 396 So.2d 152 (Fla. 1981). A statute will be considered unconstitutionally vague if it fails to convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); State v. Hagan, 387 So.2d 943 (Fla. 1980).
We find no merit to appellant's argument. Thus, we reaffirm the conclusion implicit in our per curiam decision rejecting the appellant's contention of unconstitutionality. The conduct proscribed under section 800.04 is clear. The legislative history of that section provides "the intent of the legislature was and remains to prohibit lewd and lascivious acts upon children, including sexual intercourse and other acts defined as sexual battery, without regard either to the victim's consent or the victim's prior chastity... ." Ch. 84-86, § 5, Laws of Fla. The statute refers to "any person" and makes no exception for perpetrators under the age of sixteen. For example, a male under sixteen who engages in sexual intercourse with a female under sixteen would violate the statute irrespective of the fact that the victim was unchaste and the act consensual. The fact the legislature did not make an exception for perpetrators under sixteen does not render the statute unconstitutional. It simply means that the legislature intended no such distinction.
We decline appellant's request to certify this issue as one of great public importance. However, since we have expressly held section 800.04 constitutional, appellant may seek review in the Florida Supreme Court pursuant to Article V, Section 3(b)(3), of the Florida Constitution.
SCHEB, A.C.J., and FRANK, J., and GRIMES, STEPHEN H., Associate Judge, concur.