**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Mary Lou BAILEY, as mother and next of kin to James M. Bailey Jr., a minor; Mary Lou Bailey, individually; and Manuel Zayas, a minor, Defendants.**

**No. 88-1153-CIV-ORL-18.**

United States District Court, M.D. Florida, Orlando Division.

Oct. 13, 1989.

---

Lori J. Caldwell and David B. Shelton, Orlando, Fla., for plaintiff.

James L. Woodman, Rockledge, Fla., and Hubert C. Childers, Jr., Melbourne, Fla., for defendants.

## ORDER

G. KENDALL SHARP, District Judge.

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiff Allstate Insurance Company (Allstate) has brought a Motion for Judgement on the Pleadings before this court. (Doc. 10). Allstate's motion is supported by a legal memorandum and exhibits. (Doc. 11). Defendants Mary Lou Bailey and Manuel Zayas have opposed Allstate's motion. (Docs. 13, 18).

### I. Factual Background

Mary Lou Bailey, individually and as mother and next of kin to James M. Bailey Jr., filed a lawsuit against Manuel Zayas in a Florida circuit court.[1] In her amended complaint, Mary Lou Bailey alleges that on or about August 13, 1986, fifteen year old Manuel Zayas initiated and engaged her four year old son, James M. Bailey Jr., in multiple and various sexual acts, including oral intercourse and anal intercourse. (Docs. 1, 11, Allstate's Exhibit B, Amended Complaint at 2). She raises claims that Manuel Zayas acted negligently and intentionally. In that litigation, Mary Lou Bailey seeks damages on behalf of James M. Bailey Jr. for his physical and mental injuries. She also seeks damages for the cost of the medical and hospital care and treatment that James M. Bailey Jr. received as a result of the alleged molestation. (Docs. 1, 11, Allstate's Exhibit B, Amended Complaint).

At the time of the alleged molestation, Allstate insured Manuel Zayas under a Deluxe Homeowners Policy.[2] The policy was issued in Florida, and it afforded liability coverage subject to the terms, conditions, limitations, and exclusions within the policy. The policy provides in pertinent part:

Losses We Cover:

> Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.

Losses We Do Not Cover:

---

1. Suit was filed in the Circuit Court of the Eighteenth Judicial District of Brevard County, Florida, case number 88–3959–CA–X. According to the pleadings, the claims against Manuel Zayas's father, Manuel R. Zayas; mother, Norma I. Zayas; and Allstate have been dismissed by state court order. (Doc. 3, Allstate's Exhibits A, B, C, & D).

2. Policy Number 061223228, Form AU9601. Manuel Zayas was an insured under his parent's policy, because he was apparently a dependent in their care and a resident of their household. (Docs. 1, 11, Allstate's Exhibit A, Policy at 3; Docs. 10, 11, 13, & 18).

1. We do not cover bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person.

Definitions Used in This Policy

4. "Bodily injury"—means bodily injury, sickness or disease, including required care, loss of services and resulting death.

(Docs. 1, 11, Allstate's Exhibit A, Policy at 23, 3). Because this court finds that these clauses are unambiguous, interpretation or construction of them is unwarranted. *Rigel v. National Casualty Co.*, 76 So.2d 285, 286 (Fla.Div. B 1954).

## II. Allstate's Motion

On December 20, 1988, pursuant to the Declaratory Judgement Act, 28 U.S.C.A. § 2201(a) (West Supp.1989), Allstate filed a Complaint for Declaratory Judgement with this court to ascertain its rights in the state-court action. (Doc. 1). In response to Manuel Zayas's demand that Allstate defend him in his lawsuit with Mary Lou Bailey, Allstate has provided him with a defense under a reservation of rights. (Doc. 1). Meanwhile, Allstate has filed a Motion for Judgement on the Pleadings with this court, which Mary Lou Bailey and Manuel Zayas have opposed. (Docs. 10, 13, 18).

In its motion, Allstate argues that Manuel Zayas's alleged sexual molestation of James M. Bailey Jr. does not constitute an "accident" within the meaning of the policy. Thus, injuries allegedly arising from the sexual molestation cannot arise from an accidental loss, as the policy requires. Allstate argues further that the policy expressly excludes from coverage bodily injury or property damage that may reasonably be expected to have resulted from the intentional or criminal acts of an insured person or which are intended by an insured person. (Doc. 10). Allstate contends that James M. Bailey Jr.'s alleged injuries may reasonably be expected to have resulted from the alleged sexual molestation by Manuel Zayas. Allstate, therefore, requests that this court declare that the subject insurance policy does not afford coverage for Manuel Zayas's alleged sexual molestation of James M. Bailey Jr. and that Allstate has no duty to defend or indemnify Manuel Zayas in the circuit-court action. (Doc. 10).

## III. Opposition to Allstate's Motion

Manuel Zayas and Mary Lou Bailey argue, however, that Allstate has a duty to defend Manuel Zayas and that Allstate is not entitled to a judgement as a matter of law.[3] They contend that Allstate's coverage can be excluded under the intentional injury exclusion clause only if Manuel Zayas acted with the specific intent to injure James M. Bailey Jr. (Docs. 13, 18). Moreover, they argue that the cases Allstate cites in its legal memorandum in support of its motion deal with adults sexually molesting children, rather than with a minor sexually assaulting a child, and are consequently misplaced in this case. They contend that the adult/minor distinction is critical, especially in the area of negligence. (Docs. 13, 18).

## IV. Analysis

In deciding Allstate's motion, this court may consider the information contained solely within the pleadings to determine whether Allstate must defend and indemnify Manuel Zayas. *Hill v. Linahan*, 697 F.2d 1032, 1034 (11th Cir.1983) (per curiam); Fed.R.Civ.P. 12(c). Furthermore, because the jurisdiction in this case is based on diversity of citizenship, 28 U.S.C.A. § 1332(a)(1) (West Supp.1989), this court must apply the law of the forum state as its highest court has articulated. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Samuels v. Doctors Hosp., Inc.*, 588 F.2d 485, 488 (5th Cir.1979). Florida law, therefore, controls the outcome of Allstate's motion.

Until July 13, 1989, the Florida appellate courts were split on whether an

---

3. Manuel Zayas and Mary Lou Bailey's legal memorandums in opposition to Allstate's mo-tion are identical and will be treated as such. (Docs. 13, 18).

insurance company had to defend and indemnify its policyholders for the alleged sexual molestation of children. On the one hand, the Second District Court of Appeal held that "intentional injuries" to a child may not be inferred from such "intentional acts" as fondling or battery; insurance coverage would not be excluded under the intentional injury exclusion clause, unless the insured acted with the specific intent to cause the injuries. *Zordan v. Page*, 500 So.2d 608 (Fla.Dist.Ct.App.1986), *rejected*, *Landis v. Allstate Ins. Co.*, 546 So.2d 1051 (Fla.1989). On the other hand, the Third District Court of Appeal and the Fifth District Court of Appeal ruled that "intentional injury" may be inferred as a matter of law from the "intentional acts" of an insured who allegedly molested a child. *Landis v. Allstate Ins. Co.*, 516 So.2d 305 (Fla.Dist.Ct.App.1987) (per curiam), *approved*, 546 So.2d 1051 (Fla.1989); *McCullough v. Central Fla. YMCA*, 523 So.2d 1208 (Fla.Dist.Ct.App.1988), *approved*, *Shearer v. Central Fla. YMCA*, 546 So.2d 1050 (Fla.1989). The disputed question of an insurance company's obligation to an insured in sexual molestation cases was formally certified to the Florida Supreme Court. *Landis*, 516 So.2d at 307. The supreme court reviewed the question in *Landis v. Allstate Insurance Co.*, 546 So.2d 1051 (Fla.1989).

In *Landis*, petitioners relied on *Zordan*,[4] arguing that the exclusion clause of the policy did not apply as a matter of law because a material issue of fact existed as to whether defendants in the underlying action specifically intended to harm the molested children. *Id.* at 1053. The supreme court disagreed with petitioners, however, and found "that no coverage could exist under this clause." *Id.*

Rejecting the majority in *Zordan*, the supreme court instead agreed with the *Zordan* dissenting opinion. *Id.* In the dissent, Judge Frank wrote: "I am absolutely

unwilling to deny the foreseeability of injury to a child who is subjected to sexual abuse. It defies human response and sensitivity to conclude that the inevitable product of the sexual molestation of a child is not intended. That conduct inescapably inspires some response in the minor victim." *Zordan*, 500 So.2d at 613 (Frank, J., dissenting). Furthermore, Judge Frank reasoned that when a court construes the "intentional act" exclusion of a liability insurance policy in cases where the insured has been alleged to have "intentionally sexually assaulted the victim, 'an intention to inflict injury will be inferred as a matter of law.'" *Id.* at 613–14 (quoting *Estate of Lehmann v. Metzger*, 355 N.W.2d 425, 426 (Minn.1984)).

As the Florida Supreme Court noted: "[I]t is inherent in the logic of our system that 'some form of harm inheres in and inevitably flows from the proscribed behavior.'" *Landis*, 546 So.2d at 1053 (quoting *Zordan*, 500 So.2d at 614 (Frank, J., dissenting) (footnote omitted)). In *Landis*, the proscribed behavior was the sexual molestation of children, and the supreme court did not accept petitioners' contention that the defendant's diminished mental capacity in the underlying action precluded her from forming the specific intent to harm the children. The court said: "[W]e believe that specific intent to commit harm is not required by the intentional acts exclusion. Rather, all intentional acts are properly excluded by the express language of the homeowners policy." *Id.* As such, Manuel Zayas's age or status as a minor, at the time of the alleged improper fondling of James M. Bailey Jr., does not influence this court's decision; Manuel Zayas did not need to form the specific intent to harm James M. Bailey Jr. to activate the exclusion provision of the policy.[5] According to the Florida Supreme Court: "To state that a child molester intends anything but harm and long-term

---

**4.** Mary Lou Bailey and Manuel Zayas also base their arguments against Allstate's motion on the majority's holding in *Zordan*. (Docs. 13, 18).

**5.** According to an established common-law principle, which prevails in Florida, after a child

reaches the age of 14, he is generally presumed to have the complete mental capacity to commit crimes and the disproof of his capacity is the same as in the case of an adult. 14 Fla.Jur.2d *Criminal Law* § 25 (1979).

emotional anguish to the child defies logic." *Id.*

 In the amended complaint, Mary Lou Bailey also raises two counts of negligence on Manuel Zayas's part. She claims that Manuel Zayas "carelessly and negligently conducted himself such that his actions caused his sexual organ to come into contact and penetrate [James M. Bailey Jr.'s] mouth" and that Manuel Zayas "carelessly and negligently conducted himself such that his actions caused his sexual organ to come into contact and penetrate [James M. Bailey Jr.'s] anus." (Docs. 1, 11, Allstate's Exhibit B, Amended Complaint at 5–6). Despite the depiction of the incident as negligence, this court can conceive of no way that Manuel Zayas's alleged conduct could be anything but intentional. The intention of a child molester to inflict injury can be inferred as a matter of law from the act of sexual molestation. *Landis,* 516 So.2d at 307; *Zordan,* 500 So.2d at 613–14 (Frank, J., dissenting).

■ This court concludes, then, that the alleged physical and emotional injuries to James M. Bailey Jr. are exactly the type that could "reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person." (Docs. 1, 11, Allstate's Exhibit A, Policy at 23).[6] Moreover, the alleged molestation of James M. Bailey Jr. could not have arisen from an accidental loss, as the policy requires. (Docs. 1, 11, Allstate's Exhibit A, Policy at 23). Intentional child molestation is no accident. *McCullough,* 523 So.2d at 1209; *Christ v. Progressive Fire Ins. Co.,* 101 So.2d 821, 822 (Fla.Dist.Ct.App.1958).

## V. Conclusion

Based on the facts alleged in the pleadings, this court declares that Manuel Zayas is without insurance coverage as a matter of law for the alleged injuries James M. Bailey Jr. sustained from the alleged sexu-

al molestation. Thus, Allstate has neither the duty to defend Manuel Zayas in the circuit-court action nor the obligation to indemnify him should he lose the case. *Federal Ins. Co. v. Applestein,* 377 So.2d 229, 233 (Fla.Dist.Ct.App.1979).

Accordingly, Allstate's Motion for Judgement on the Pleadings is GRANTED. The Clerk of the Court will enter judgement for Allstate.

It is SO ORDERED.

---

**6.** If properly established, Manuel Zayas's alleged conduct could be criminally actionable in Florida. Fla.Stat. §§ 794.011, 800.04 (1987); *L.L.N. v. State,* 504 So.2d 6 (Fla.Dist.Ct.App.1986) (per curiam), *review denied,* 511 So.2d 299 (Fla.1987) (§ 800.04 is not unconstitutionally vague when applied to perpetrators under the age of 16); *J.E.J. v. State,* 505 So.2d 516 (Fla.Dist.Ct.App.) (per curiam), *review denied,* 513 So.2d 1061 (Fla.1987) (same holding).