No. 2-97-1058

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND JUDICIAL DISTRICT

_________________________________________________________________

COUNTRY MUTUAL INSURANCE ) Appeal from the Circuit Court

COMPANY, ) of Winnebago County. 

)

Plaintiff-Appellee, ) 

)

) No. 96--MR--139

)

JOHN MARTIN HAGAN III, )

)

Defendant-Appellant )

)

(John Martin Hagan, Carol ) Honorable

Hagan, and Jennifer Hardwick, ) J. Todd Kennedy,

Defendants). ) Judge, Presiding.

_________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

This case arises from an insurance coverage dispute between plaintiff, Country Mutual Insurance Company (Country Mutual), and defendant John Martin Hagan III (Marty Hagan).  At issue is whether Country Mutual must defend and indemnify Marty Hagan in a lawsuit filed by defendant Jennifer Hardwick.  Hardwick filed a complaint against Marty Hagan and his parents, defendants John Martin Hagan and Carol Hagan, alleging that Marty Hagan had sexually abused her when she was 6 years old and he was 14.  The Hagans tendered their defense in this action to Country Mutual, who insured them under a homeowner’s policy.  Subsequently, Country Mutual filed a declaratory judgment action, in which it asserted that it owed neither indemnification nor a defense to the Hagans because Hardwick’s complaint alleged intentional acts.  The trial court granted summary judgment in favor of John and Carol Hagan and against Country Mutual, and neither party appeals that ruling.  Marty Hagan, however, appeals the trial court’s judgment granting summary judgment against him and in favor of Country Mutual.  We reverse.

In her five-count fourth amended complaint, Hardwick alleged that, during the summer of 1982, Marty Hagan invited Hardwick and her seven-year-old brother to his room to play.  In his room, Marty Hagan performed certain sexual acts with Hardwick, such as forcing her to perform oral sex and attempting to rape her.  Based on these allegations, Hardwick alleged that Marty Hagan was liable for assault and battery, for intentional infliction of emotional distress, for negligence, and for willful and wanton conduct.

Although Hardwick does not state claims against John and Carol Hagan in her fourth amended complaint (at some point during the proceedings, they were dismissed from the action with prejudice), the record indicates that her original complaint initially contained two counts against them.  In these counts, she alleged that they were negligent in failing to restrict Marty Hagan’s access to other minors. 

At the time of the acts alleged in Hardwick’s complaint, the Hagans were insured under a homeowner’s policy issued by Country Mutual.  On March 12, 1996, Marty Hagan and his parents tendered their defense in this action to Country Mutual.  After refusing the tender of the Hagans’ defense, Country Mutual filed a complaint for declaratory judgment against the Hagans and Hardwick.

In its complaint, Country Mutual alleged that there was no coverage based on the following exclusion contained in the policy:

"Exclusions -- Section 1

Liability and Medical Payments, Coverages A & B, does not apply to 
bodily injury
 or 
property damage
:

1. caused intentionally by or at the direction of an 
insured
." 

According to Country Mutual, Hardwick’s complaint contained allegations of intentional conduct, and, therefore, there was no coverage under the policy pursuant to this exclusion and thus no duty to defend or indemnify the Hagans.

In addition, Country Mutual alleged that there was no coverage according to the coverage provisions of the policy, which provided in relevant part:

"
Liability, Coverage A

We
 promise to pay on behalf of an 
insured
 for damages resulting from 
bodily injury
 or 
property damage
 caused by an 
occurrence
, if the 
insured
 is legally obligated."  

Country Mutual maintained that the intentional conduct alleged in Hardwick’s complaint could not be considered an "occurrence," because the policy defined "occurrence" as "an accident, *** which results in 
bodily injury
 or 
property damage
."  According to Country Mutual, under this language, it owed no duty to defend or indemnify Marty Hagan and also was not obligated to defend or indemnify John and Carol Hagan because their alleged conduct "arose out of" Marty’s intentional conduct. 

Country Mutual, therefore, asked the trial court to declare that (1) it is not liable to the Hagans under the policy for any judgment or settlement based on Hardwick’s complaint; and (2) it is not obligated to provide the Hagans with a defense to Hardwick’s complaint.

John and Carol Hagan filed a motion for summary judgment with respect to the declaratory judgment complaint, and, in December 1996, the trial court granted their motion in part.  It held that the intentional conduct exclusion in the insurance policy did not apply to the allegations against them because the complaint charged them with negligence, not intentional conduct.  The trial court, therefore, held that Country Mutual must provide them with a defense.  It declined, however, the parents’ request for summary judgment on the issue of indemnification.  Neither party has appealed this ruling.

The appeal in this case stems from Marty Hagan’s separate motion for summary judgment against Country Mutual, which he filed on June 20, 1997.  He argued that Country Mutual owed him a defense because Hardwick’s complaint contained allegations of negligence, which was not excluded from coverage of the policy.  In addition, he contended that Country Mutual’s request for the court to rule on the issue of coverage was premature.

A few days later, Country Mutual filed a cross-motion for summary judgment against Marty Hagan.  It argued that there was no coverage for the acts alleged in the assault, battery, intentional infliction of emotional distress, and "willful and wanton" counts of the complaint because the intentional conduct alleged in these counts could not be considered an "accident" within the coverage language of the policy and because such conduct fell within the policy’s exclusionary language.  

Country Mutual argued that the negligence count of the complaint also did not trigger coverage or its duty to defend because, despite the fact that this count was couched in terms of negligence, the factual allegations on which it was based were those of intentional conduct.  In addition, it argued that an insured’s intent to injure is presumed in cases involving sexual abuse of a minor.  Country Mutual, therefore, asked the trial court to find that it was not required to indemnify John, Carol, or Marty Hagan and that it owed no defense to Marty.

After hearing the arguments of the parties, the trial court granted summary judgment in favor of Country Mutual and against Marty Hagan.  On October 3, 1997, it held that Country Mutual had no obligation to indemnify the Hagans and that it did not owe a defense to Marty Hagan.  Thereafter, Marty Hagan filed this timely appeal.  

On appeal, Marty Hagan contends that the trial court erred in finding, as a matter of law, that the acts alleged in Hardwick’s complaint were excluded from the coverage of the Country Mutual policy.  He argues that the negligence count of the complaint was within the coverage of the policy and that the trial court erred in concluding that there is a presumption that a minor who sexually abuses another minor does so with an intent to injure.  According to Marty Hagan, whether he performed the acts alleged in the complaint and whether he did so with an intent to injure Hardwick are questions of fact, which preclude summary judgment.  Based on this fact question, Marty Hagan argues that it was improper for the court to grant Country Mutual’s summary judgment motion.

Country Mutual counters that summary judgment in its favor was appropriate because it may be inferred, as a matter of law, that an insured intends to cause injury by sexually abusing a minor.  Consequently, the acts alleged in the complaint were not "accidents" as required by the coverage language of the policy and were intentional injuries expressly excluded from the policy. 

 Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  
Evanston Hospital v. Crane
, 254 Ill. App. 3d 435, 440 (1993).  In determining whether a genuine question of material fact exists, a court must construe matters in the record against the party moving for summary judgment and liberally in favor of the opponent.  
Bysom Enterprises, Ltd. v. Peter Carlton Enterprises, Ltd.
, 267 Ill. App. 3d 1, 6 (1994).  Although summary judgment is encouraged to expeditiously dispose of a lawsuit, it is a drastic means of disposition of litigation and should be allowed only when the resolution of the case depends on a question of law, and the moving party’s right to judgment is free and clear from doubt.  
Lily Lake Road Defenders v. County of McHenry
, 156 Ill. 2d 1, 8 (1993).  When parties file cross-motions for summary judgment, they invite the court to decide the issues as questions of law, but summary judgment is nevertheless inappropriate when there are questions of material fact.  
Rumford v. Countrywide Funding Corp.
, 287 Ill. App. 3d 330, 334 (1997).  The appellate court’s review of a ruling on summary judgment is 
de novo
.  
Castaneda v. Community Unit School District No. 200
, 268 Ill. App. 3d 99, 102 (1994).

In this case, the trial court granted summary judgment in favor of Country Mutual with respect to both its duty to defend Marty Hagan and its duty to indemnify the Hagans.  We begin our analysis with a review of the court’s ruling on the duty to defend because this duty is broader than its duty to indemnify.  See 
Crum & Forster Managers Corp. v. Resolution Trust Corp.
, 156 Ill. 2d 384, 393-94 (1993).

Whether an insurer has a duty to defend depends on a comparison of the allegations of the underlying complaint to the relevant policy provisions.  
Dixon Distributing Co. v. Hanover Insurance Co.
, 161 Ill. 2d 433, 438 (1994).  In determining an insurer’s duty to defend, the allegations of the complaint and the policy must be liberally construed in favor of the insured.  
U.S. Fidelity & Guaranty Co. V. Wilkin Insulation Co.
, 144 Ill. 2d 64, 74 (1991).  An insurer may not justifiably refuse to defend unless it is clear from the face of the underlying complaint that the facts alleged do not fall within or potentially within the coverage of the policy.  
Wilkin
, 144 Ill. 2d at 73.  Even if only one theory of recovery alleged in the complaint falls within the coverage of the policy, the insurer must defend the insured with respect to all theories set forth in the complaint.  
National Union Fire Insurance Co. v. Glenview Park District
, 158 Ill. 2d 116, 124-25 (1994).

Marty Hagan’s argument that Country Mutual had a duty to defend him is based on the negligence count of Hardwick’s complaint.  The existence of a duty to defend, therefore, depends on a comparison of the allegations contained in this count with the coverage and exclusionary provisions cited by Country Mutual in its declaratory judgment complaint.

In her negligence count, Hardwick alleged that Marty Hagan cared for her and her brother as a baby-sitter and, in that capacity, assumed a duty to use reasonable care to ensure that his actions did not injure her or her brother.  She alleged that he breached that duty by performing the following acts:

"(a) he removed the clothing of [Hardwick] exposing her genitals;

he physically touched [Hardwick’s] genitals;

he forced [Hardwick] to touch his genitals;

he committed oral sex (
i.e.
, cunnilingus) upon [Hardwick’s] genitals;

he forced Hardwick to commit oral sex (
i.e.
, fellatio) upon his genitals, continuing to the point of ejaculation;

he attempted to rape [Hardwick] by attempted vaginal intercourse; and

many other lewd, indecent, and lascivious acts upon [Hardwick]." 

According to Hardwick, as a direct and proximate result of these negligent acts, she suffered physical, mental, and emotional injuries.

The parties focus their arguments on the applicability of the intentional injury exclusion of the policy to these allegations.  According to this exclusion, there is no coverage for bodily injury or property damage "caused intentionally" by an insured.

Marty Hagan argues that the trial court erred in finding that, because the allegations of the complaint pertained to sexual molestation of a minor, the conduct alleged in the complaint was 
per se
 intentional and therefore within the exclusionary language of the policy.  Although he acknowledges that, in cases involving an 
adult
 insured’s sexual abuse of a minor, Illinois courts have inferred an intent to injure (see, 
e.g.
, 
State Farm Fire & Casualty Co. v. Watters
, 268 Ill. App. 3d 501 (1994)), he asserts that these cases are inapplicable when the insured is a 
minor
.  He argues that there is no authority in Illinois for inferring an intent to injure with respect to a minor insured, and he urges us to follow cases in other jurisdictions in which courts have refused to infer intent when a minor insured sexually abuses another minor. 

Country Mutual responds that the inference of intent that applies in cases of sexual abuse by adult insureds should apply with equal force when the perpetrator is a minor.  It asks this court to infer that Marty Hagan intended to injure Hardwick based on the Illinois inferred-intent cases and cases in other jurisdictions in which the courts have extended the inference to minor insureds accused of sexual abuse.

   In cases involving an adult insured’s sexual abuse of a minor, Illinois courts have inferred, as a matter of law, that the insured intended to injure the minor.  See 
Western States Insurance Co. v. Bobo
, 268 Ill. App. 3d 513 (1994); 
State Farm Fire & Casualty Co. v. Watters
, 268 Ill. App. 3d 501 (1994); 
Scudder v. Hanover Insurance Co.
, 201 Ill. App. 3d 921 (1990).  Like Illinois, an overwhelming majority of courts in other jurisdictions have held that, in situations involving sexual abuse of a minor, it may be inferred as a matter of law that an adult insured intended to harm the victim.  See 
Manufacturers & Merchants Mutual Insurance Co. v. Harvey
, 330 S.C. 152, 498 S.E.2d 222 (1998) (collecting cases); see also, 
e.g.
, 
State Farm Fire & Casualty Co. v. Smith
, 907 F.2d 900 (9th
 Cir. 1990) (Nevada law); 
Troy v. Allstate Insurance Co.
, 789 F. Supp. 1134 (D. Kan. 1992) (Kansas law); 
Horace Mann Insurance Co. v. Fore
, 785 F. Supp. 947 (M.D. Ala. 1992) (Alabama law); 
Whitt v. DeLeu
, 707 F. Supp. 1011 (W.D. Wis. 1989) (Wisconsin law); 
Twin City Fire Insurance Co. v. Doe
, 163 Ariz. 388, 788 P.2d 121 (1989); 
Troelstrup v. District Court
, 712 P.2d 1010 (Colo. 1986); 
Landis v. Allstate Insurance Co.
, 546 So. 2d 1051 (Fla. 1989);
 
Perreault v. Maine Bonding & Casualty Co.
, 568 A.2d 1100 (Maine 1990); 
Worcester Insurance Co. v. Fells Acres Day School Inc.
, 408 Mass. 393, 558 N.E.2d 958 (1990);
 
Young v. All America Insurance Co.
, 81 Ohio App. 3d 493, 611 N.E.2d 421 (1992); 
Mutual of Enumclaw v. Merrill
, 102 Or. App. 408, 794 P.2d 818 (1990); 
Maayeh v. Trinity Lloyds Insurance Co.
, 850 S.W.2d 193 (Tex. Ct. App. 1992)
.

Whether an intent to injure may be inferred when a minor insured sexually abuses another minor is an issue of first impression in Illinois.  Although a clear majority of courts in other jurisdictions infer intent when the insured is an adult (
Scudder
, 201 Ill. App. 3d at 927-28), the courts are evenly split with respect to the extension of this inference to minors.  While a slight majority of courts are willing to infer as a matter of law that a minor insured who sexually abuses another minor does so intentionally (
Allstate Insurance Co. v. Steele
, 74 F.3d 878 (8th
 Cir. 1996) (holding that, under Minnesota law, a 16-year-old’s intent would be inferred); 
B.B. v. Continental Insurance Co.
, 8 F.3d 1288 (8th
 Cir. 1993) (under Missouri law, intent was inferred for perpetrator who was 13 to 16 years old at the time of the abuse); 
Allstate Insurance Co. v. Bailey
, 723 F. Supp. 665 (M.D. Fla. 1989) (finding a 15-year-old’s intent inferred under Florida law); 
Allstate Insurance Co. v. Roelfs
, 698 F. Supp. 815 (D. Alaska 1987) (16-year-old’s intent as inferred under Alaska law); 
D.W.H. v. Steele
, 512 N.W. 2d 586 (Minn. 1994) (inferring the intent of an 11-year-old); 
Illinois Farmers Insurance Co. v. Judith G.
, 379 N.W.2d 638 (Minn. Ct. App. 1986) (intent was inferred for perpetrator who was 13 to 16 years old at the time of the abuse); 
Cuervo v. Cinncinnati Insurance Co.
, 76 Ohio St. 3d 41, 665 N.E.2d 1121 (1996) (inferred-intent standard applied to 16-year-old); see also 
Swentkowski v. Dawson
, 881 P.2d 437 (Colo. Ct. App. 1994) (relying on both the inference of intent and an adjudication of delinquency to find that a minor acted intentionally)), almost as many jurisdictions have refused to extend the presumption of intent to minor insureds (see
 Allstate Insurance Co. v. Patterson
, 904 F. Supp. 1270 (D. Utah 1995) (under Utah law, inferred-intent standard did not apply to perpetrators who were 12 to 16 years old at the time of the abuse); 
Allstate Insurance Co. v. Jack S.
, 709 F. Supp. 963 (D. Nev. 1989) (under Nevada law, refusing to infer intent of 14-year-old); 
United Services Automobile Ass'n v. DeValencia
, 190 Ariz. 436, 949 P.2d 525 (1997) (refusing to infer intent of 14-year-old); 
Fire Insurance Exchange v. Diehl
, 450 Mich. 678, 545 N.W.2d 602 (1996) (refusing to infer intent of perpetrator who was 7 to 9 years old at the time of the abusive acts)).

Courts applying the inference of intent to minor insureds accused of sexually abusing other minors do so based on the rationale that the act of sexual abuse is inherently harmful.  See, 
e.g.
, 
Bailey
, 723 F. Supp. at 668.  They note that, in cases involving adult perpetrators, intent is inferred as a matter of law because " 'sexual misconduct with a minor is objectively so substantially certain to result in harm to the minor victim, that the perpetrator cannot be allowed to escape society’s determination that he or she is expected to know that.' "  
B.B.
, 8 F.3d at 1293, quoting 
Whitt v. DeLeu
, 707 F. Supp. 1011, 1016 (W.D. Wis. 1989).  Because intent can be inferred from the nature of the act, therefore, courts have refused to consider subjective intent in cases involving adult molestors.  See, 
e.g.
, 
Landis
, 546 So. 2d at 1053.  Based on these holdings that intent should be inferred from the act and that the perpetrator’s subjective intent is not relevant, courts have applied the inferred-intent standard regardless of the age of the perpetrator. See, 
e.g.
, 
Bailey
, 723 F. Supp. at 668.

Courts that infer intent for minor perpetrators also cite several policy reasons for doing so.  According to these courts, if they did not infer intent, this would in effect require the insurer to "subsidize" sexual abuse at the expense of other insureds who would "cringe at the very suggestion" that their premiums were being used to pay for liability arising out of child sexual abuse.  See 
B.B.
, 8 F.3d at 1295, quoting 
Wiley v. State Farm Fire & Casualty Co.
, 995 F.2d 457, 464 (3d Cir. 1993).  Although these courts recognize that the application of the inferred-intent standard removes a source of compensation for the victim of the abuse, they find that the victim’s interest in compensation is outweighed by the need to deter offenders by holding them personally liable for their victims’ injuries.  See 
B.B.
, 8 F.3d at 1295.

By contrast, other courts have found that, based on minors’ relative lack of experience in sexual matters, it is improper to infer an intent to injure in cases where a minor sexually abuses another minor.  See, 
e.g.
, 
Patterson
, 904 F. Supp. at 1282-83; 
Diehl
, 450 Mich. at ____, 545 N.W. 2d at 607-08.  These courts reason that to infer that a minor intends to cause the injury resulting from his sexual misconduct with another minor is inconsistent with criminal statutes that protect minors from sexual conduct based on a presumption that they are unable to understand the nature and consequences of sexual acts.  See 
Jack S.
, 709 F. Supp. at 966; 
DeValencia
, 190 Ariz. at ___, 949 P.2d at 529.  According to these courts, although it may be inferred based on the harm inherent in a sexually abusive act that an adult intends to injure the victim, it is "too broad a leap in logic to find that a minor intended to injure another minor by engaging in sexual acts."  
Jack S.
, 709 F. Supp. at 966.

In addition, at least one court has noted that it is inconsistent to rely on the age of the victim in inferring intent, yet ignore the age of the perpetrator.  See 
Patterson
, 904 F. Supp. at 1282-83.  As the 
Patterson
 court explained, sexual abuse of a minor is considered inherently harmful because the minor victim cannot fully appreciate the consequences of the activity and therefore lacks the ability to consent to it.  See 
Patterson
, 904 F. Supp. at 1282.  The 
Patterson
 court concluded that, for the same reason, a child perpetrator should not be held to the same standard as an adult.  
Patterson
, 904 F. Supp. at 1282-83.

Instead of inferring intent as a matter of law, this latter group of courts has held that whether a minor who molests another minor intends injury should be determined on a case-by-case basis.  See, 
e.g.
, 
DeValencia
, 190 Ariz. at ___, 949 P.2d at 529.  As in negligence cases, whether the results of a minor’s acts were foreseeable should be determined by an examination of the minor’s individual characteristics, such as his age, ability, intelligence, and experience.  See 
Patterson
, 904 F. Supp. at 1284; 
DeValencia
, 190 Ariz. at ___, 949 P.2d at 529; 
Diehl
, 450 Mich. at ___, 545 N.W.2d at 607.

We agree that the inferred-intent standard should not apply when the insured is a minor.  Although there are sound reasons for inferring that an adult who abuses a minor intends the injury caused by the abuse, extending a blanket presumption of intent to all minor perpetrators will lead to absurd results in some cases.  For example, if we were to apply the inferred-intent standard to minors, a six-year-old who engages in sexual experimentation with a peer would be deemed to have intended the same injury foreseen and caused by an adult who sexually molests a child.  

Not only is this result contrary to logic, but also it is inconsistent with Illinois law.  Like other states, Illinois has enacted criminal laws to protect minors from sexual conduct.  For example,  an individual who engages in an act of sexual penetration or sexual conduct with a child under the age of 17 may be found guilty of criminal sexual abuse or aggravated criminal sexual abuse, depending on the ages of the perpetrator and the victim.  See 720 ILCS 5/12-15(b),(c) (West 1994); 720 ILCS 5/12-16(c)(1)(i), (c)(2)(i), (d) (Smith-Hurd Supp. 1998).  The consent of the victim is not a defense to these offenses.  See 720 ILCS 5/12-17 (West 1994).  As the court stated in 
People v. Riley
, 84 Ill. App. 2d 296, 300 (1967), a young child is incapable of consenting to an act of intercourse because she cannot be expected to understand the nature of the act.  See also 
People v. Strait
, 116 Ill. App. 3d 110, 113 (1983).  To infer that a minor accused of sexual abuse understands the nature of his conduct and intends any resulting injury is inconsistent with these principles of Illinois criminal law.  

Inferring that minors intend the injuries resulting from their sexual conduct with other minors is also inconsistent with this state’s tort law.  A child of any age may be liable for an intentional tort, such as battery, because the only intent required for such torts is the intent to perform the harmful 
act
, and even children of a tender age may have the capacity for forming this intent.  See 
Seaburg v. Williams
, 16 Ill. App. 2d 295, 305-06 (1958).  By contrast, Illinois courts conclusively presume that children under the age of seven years cannot be contributorily negligent because they cannot foresee the 
consequences
 of their actions, which is the state of mind required for negligence.  See 
Jorgensen v. Nudelman
, 45 Ill. App. 2d 350, 352-54 (1963).  When children are between the ages of 7 and 14, their capacity to be contributorily negligent is a question of fact, and when a child is 14 years old, he is held to the same degree of care as an adult.  
Seaburg
, 16 Ill. App. 2d at 300, citing 
Maskaliunas v. Chicago & Western Indiana R.R. Co.
, 318 Ill. 142, 149-50 (1925).  

Under Illinois law, exclusionary provisions, such as the one in this case, require that an insured act with the specific intent to injure.  
Scudder
, 201 Ill. App. 3d at 927.  In cases where such clauses are at issue the intent required is therefore more like that in negligence cases, where the consequences of an act must be foreseen, than in cases involving intentional torts, where only the act must be intended.  Given that minors below a certain age are presumed to be unable to understand the consequences of their actions in tort cases, we should not infer that, regardless of age, minor insureds who commit sexual abuse of other minors intend the resulting injury. 

Because a minor insured may or may not have the capacity to form the intent to injure another minor with whom he engages in sexual conduct, this issue is better left to the trier of fact.  By refusing to apply the inferred-intent standard, we do not require insurers to defend and provide coverage whenever a minor sexually abuses another minor.  We merely require that the minor perpetrator’s intent be determined on a case-by-case basis.  Coverage will be required only when a trier of fact determines, based on the particular characteristics and experience of a minor, that the minor did act with an intent to injure when he sexually abused another minor. 

In addition, we believe our ruling is correct as a matter of policy.  Public policy in Illinois favors affording compensation to victims.  
University of Illinois v. Continental Casualty Co.
, 234 Ill. App. 3d 340, 358 (1992).  As the 
B.B.
 court acknowledged, the effect of the application of the inferred-intent standard is to deprive victims of sexual abuse of a source of compensation.  
B.B.
, 8 F.3d at 1295.  In cases where the perpetrator is a minor, we do not believe the benefit of compensating victims is outweighed by the need to hold perpetrators responsible for their actions.  Depriving a minor perpetrator of insurance coverage can have little deterrent effect on a minor who likely has little understanding of the ramifications of his conduct, much less insurance coverage.

Based on the foregoing authority and policy considerations, we hold that a court should not infer an intent to injure in cases where a minor insured sexually abuses another minor.  In such cases, a minor’s intent is a question of fact based on the circumstances of the sexual conduct and the minors’ individual characteristics and experience.   

Under the facts of this case, therefore, it was error for the trial court to decide, as a matter of law, that the exclusionary provision precluded coverage.  Marty Hagan’s intent to cause Hardwick’s injuries cannot be inferred as a matter of law.  In addition, the allegations of her complaint, which must be construed in the light most favorable to Marty Hagan, do not permit a conclusion, as a matter of law, that he intended to injure her.  Although there are allegations that he intended the sexual 
acts
, there are no allegations that he intended to 
injure
 Hardwick by performing the acts.  The intentional injury exclusion of the policy, therefore, does not support the trial court’s ruling that there was no coverage for Hardwick’s complaint.

In its declaratory judgment complaint, however, Country Mutual also asserted that Hardwick’s allegations were not within the coverage provisions of the policy.  According to these provisions, there is coverage only for bodily injury and property damage "caused by an occurrence," which the policy defines as "an accident." 

Before discussing whether the allegations of the complaint are encompassed within the coverage language of the policy, we note that neither party has addressed this issue in the briefs they submitted to us, aside from a few isolated references to the word "accident."  The parties’ failure to argue this issue and provide us with citation to relevant authority is a violation of Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)) and constitutes waiver of the issue (see 
Pyskaty v. Oyama
, 266 Ill. App. 3d 801, 822-23 (1994); 
Antol v. Chavez-Pereda
, 284 Ill. App. 3d 561, 573 (1996)).

The rule of waiver is a limitation on the parties, however, and not the jurisdiction of the court.  See 
Hux v. Raben
, 38 Ill. 2d 223, 224 (1967).  Even though an issue is waived, we may address it based on our obligation to achieve a just result and maintain a uniform body of precedent.  See 
Roche v. Fireside Chrysler-Plymouth, Mazda, Inc.
, 235 Ill. App. 3d 70, 86-87 (1992); 
Barnett v. Zion Park District
, 171 Ill. 2d 378, 389 (1996). In this case, our review of the trial court’s ruling depends on the application and interpretation of the coverage provisions, given our conclusion that the exclusionary language of the policy does not apply.  We, therefore, choose to address this issue, waiver notwithstanding.

The policy does not define "accident."  We must, therefore, look elsewhere for guidance as to the interpretation of this term.  In other insurance cases in which policies have defined the word "occurrence" as an "accident," Illinois courts have described the meaning of "accident" as follows:

"An accident has been defined as an unforeseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character."  
Aetna Casualty & Surety Co. v. Freyer
, 89 Ill. App. 3d 617, 619 (1980).

See also 
Monticello Insurance Co. v. Wil-Freds Construction, Inc.
, 277 Ill. App. 3d 697, 703 (1996); 
Bituminous Casualty Corp. v. Newberg Construction Co.
, 218 Ill. App. 3d 956, 965-66 (1991); 
Travelers Insurance Cos. v. P.C. Quote, Inc.
, 211 Ill. App. 3d 719, 726 (1991).

It is not entirely clear from this definition, however, what must be unexpected, the act that causes the injury or the injury itself.  This is the critical issue in the case before us because, although Marty Hagan does not dispute that Hardwick’s complaint contains allegations of intentional 
acts
, he argues that her allegations do not permit a conclusion that he intended to 
injure
 her.

Illinois courts have focused on whether the 
injury
 is expected in determining whether an occurrence is an "accident."  As the court stated in 
State Farm Fire & Casualty Co. v. Watters
, 268 Ill. App. 3d 501, 506 (1994), "an occurrence which is defined as an accident involves the consideration of whether the 
injury
 was expected or intended from the standpoint of the insured." (Emphasis added.)  See also 
Commercial Union Insurance Co. v. Image Control Property Management, Inc.
, 918 F. Supp. 1165, 1169 (N.D. Ill. 1996), quoting 
Calvert Insurance Co. v. Western Insurance Co.
, 874 F.2d 396, 399 (7th Cir. 1989) ("In determining whether a complaint sufficiently alleges an  'occurrence,' '[t]he focus at all times, under Illinois law, is whether the 
injury
 was expected or intended by the [insured], not whether the acts of the [insured] were performed intentionally' "). 

In Illinois, therefore, if an injury is not expected or intended by the insured, it is considered an accident.  For example, in a recent case from the fifth district, 
State Farm Fire & Casualty Co. v. Martin
, No. 5-95-0810 (May 6, 1998)), the court held that the deaths of two fire fighters that resulted from a fire intentionally set by the insured were "accidents" within the coverage language of the policy.  Although the insured admitted that he intended to destroy a building by setting fire to it, there was no evidence that he foresaw or intended bodily injury or death.  Thus, the court held that the insurance company had a duty to defend and indemnify the insured in the wrongful death suits filed by the fire fighters' survivors.  
Martin
, slip op. at 4.

Based on this case law, whether there is coverage in this case depends on whether Marty Hagan expected or intended to injure Hardwick.  In a case directly on point, 
Allstate Insurance Co. v. Patterson
, 904 F. Supp. 1270 (D. Utah 1995), the court held that, whether sexual abuse by minor insureds of other minors was an "accident" was a question of fact.  In that case, the underlying complaint alleged that three boys between the ages of 12 and 16 engaged in inappropriate sexual conduct with two boys between the ages of five and eight " 'without the intention of causing bodily injury.' "  
Patterson
, 904 F. Supp. at 1285.  The coverage and exclusionary provisions in 
Patterson
 were essentially identical to the ones in the case before us.  After refusing to apply the inferred-intent standard to minors accused of sexual abuse, the 
Patterson
 court held that whether the acts of the minor insureds constituted an "accident" under the policy was a question of fact.  It stated, "[C]omparing the allegations of the complaint with the terms of the policies, the court cannot say there is no possibility of coverage under the policies."  
Patterson
, 904 F. Supp. at 1285.  The court, therefore, refused to grant summary judgment for the insurer on the issues of its duty to defend and its duty to indemnify.  
Patterson
, 904 F. Supp. at 1285.

We believe that the result in this case should be the same.  As we have explained, we will not infer, as a matter of law, that Marty Hagan intended to injure Hardwick when he performed the acts alleged in her complaint.  Based on the allegations contained in the negligence count of Hardwick’s complaint, we also cannot conclude, as a matter of law, that Marty Hagan "expected or intended" to injure her.  We note that the parties asked the trial court to decide the case based only on the pleadings.  Consequently, the only facts before us concerning Marty Hagan’s state of mind are those alleged in Hardwick’s complaint.  

In her negligence count, she does not allege that Marty Hagan expected or intended to injure her when he performed the sexual acts she alleges.  To the contrary, she alleges that he owed her a duty to avoid any action that would cause her injury in a reasonably forseeable manner, that he breached these duties by performing certain sex acts with her, and that she was injured as a proximate result of these "negligent, wrongful and indecent acts."  These allegations do not conclusively show that Marty Hagan "expected or intended" to injure Hardwick.  As in 
Patterson
, our comparison of the allegations of the complaint to the language of the policy does not indicate that there is no possibility of coverage under the policy.  Whether the conduct alleged in the negligence count was an "accident" within the coverage of the policy was, therefore, at least a question of fact, and the trial court erred in entering summary judgment in favor of Country Mutual.

In granting summary judgment in favor of Country Mutual, the trial court relied on the decision in 
State Farm Fire & Casualty Co. v. Watters
, 268 Ill. App. 3d 501, 506-07 (1994), in which the court held that an adult insured’s sexual molestation of minors was not an accident.  Country Mutual argues that this reliance was appropriate and supports the judgment in its favor.  We disagree.

In 
Watters
, the court’s holding that the insured’s acts of sexual molestation were not an accident was based on its application of the inferred-intent standard.  According to the court, in sexual abuse cases injury is inevitable, and therefore an insured’s intent to harm is inferred.  Based on the inference of intent to cause the injury, the court found that the insured was not entitled to coverage under the policy, which limited coverage to "accidents."  
Watters
, 268 Ill. App. 3d at 506-12.

We find that the reasoning and the holding in the 
Watters
 case are not applicable to the facts before us.  In 
Watters
, the insured was a 28-year-old adult.  Although there was evidence that he had diminished mental capacity, the court found that his criminal conviction established that he had the necessary capacity to form the intent to commit the acts of sexual abuse.  
Watters
, 268 Ill. App. 3d at 508.  Based on these facts, the 
Watters
 court held that his intent should be inferred.

In this case, by contrast, the insured was only 14 at the time of the alleged sexual acts and has not been charged with any criminal offense.  As explained previously, we decline to infer intent under these circumstances.  Unlike the 
Watters
 court, therefore, we cannot conclude as a matter of law that the occurrences in this case were not an "accident."  See 
Patterson
, 904 F. Supp. at 1285.

Based on the questions of fact with respect to coverage under the policy, we hold that it was error for the trial court to grant summary judgment in favor of Country Mutual on the issue of its duty to defend.  For the same reasons, the trial court erred in granting summary judgment in favor of Country Mutual on the issue of indemnification.  When there is a 
bona fide
 dispute as to whether an insured acted negligently or intentionally, the issue of indemnification may not be decided on declaratory judgment until the underlying tort litigation has been completed.  See 
State Farm Fire & Casualty Co. v. Leverton
, 289 Ill. App. 3d 855, 856 (1997).

Accordingly, we reverse the trial court’s decision to grant summary judgment in favor of Country Mutual and against Marty Hagan, and we remand the cause for further proceedings on the declaratory judgment complaint.

Judgment reversed; cause remanded.

INGLIS and HUTCHINSON, JJ., concur.