**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

v.

**David G. CHRISTOPHER, Diane Charnell, David A. Charnell, Doris E. Charnell, Dawn Charnell, Earnest L. Huey, Dolores E. Huey, and Erin E. Huey, Defendants.**

Civ. A. No. 87–1554.

United States District Court, W.D. Pennsylvania.

Nov. 2, 1988.

S. Asher Winikoff, Jones Gregg Creehan & Gerace, Pittsburgh, Pa., for plaintiff.

John E. Nickoloff, Library, Pa., for David G. Christopher.

William O. Schmalzried, Pittsburgh, Pa., for Diane, David A. and Doris E. Charnell.

James J. Lestitian, Pittsburgh, Pa., for Earnest L., Dolores E. and Erin E. Huey.

## MEMORANDUM OPINION

MENCER, District Judge.

This case involves a dispute over the insurance coverage of injuries to minor girls caused by sexual molestation. State Farm Fire and Casualty Company brought this action for a declaratory judgment, asserting that sexual molestation was an intentional wrong and was excluded from the homeowner's policy. The parties have filed cross-motions for summary judgment which are presently pending before this Court.

### 1. *Facts*

David G. Christopher ("Christopher") owns a house and swimming pool in Bethel Park, Pennsylvania. The other defendants also live in Bethel Park. Three of the defendants, Erin Huey, Diane Charnell, and Dawn Charnell, are minor girls who frequently swam at Christopher's pool during the early 1980's.

On March 6, 1986, Christopher was convicted of the corruption of the morals of a minor, indecent assault, and indecent exposure. The victims of Christopher's crimes

were Erin Huey, Diane Charnell, and Dawn Charnell.

Christopher obtained his homeowner's insurance from State Farm Fire and Casualty Company ("State Farm"). The insurance policy would normally cover an injury to someone while at the swimming pool. An exception to the personal liability section, however, provides that coverage does not apply to "bodily injury or property damage which is expected or intended by the insured."

State Farm contends that Christopher's molestation of the three girls, which occurred repeatedly over a number of years, was intentional, and thus excluded from coverage under the policy. The defendants argue that Christopher's multiple sclerosis had become so advanced that it affected his ability to control his impulses and to understand the nature of his acts and their effect on the girls. Therefore, they assert, his actions were not intentional and are covered by the policy.

### 2. Legal Analysis

#### A. Cross–Motions for Summary Judgment

The standard for cross-motions for summary judgments is the same as for individual motions for summary judgment. The court handles cross-motions as if they were two distinct, independent motions. *Raines v. Cascade Industries, Inc.*, 402 F.2d 241, 245 (3d Cir.1968). Thus, in evaluating each motion, the court must consider the facts and inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment if it finds that, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

#### B. Interpretation of Insurance Policy Language

■ As a federal district court exercising diversity jurisdiction, we must apply the choice of law principles of the forum state in which we sit. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Melville v. American Home Assurance Co.*, 584 F.2d 1306, 1308 (3d Cir.1978). Pennsylvania has adopted a flexible conflicts methodology which takes into account both the grouping of contacts with the various concerned jurisdictions and the interests and policies of the concerned jurisdictions. *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964); *Melville*, 584 F.2d 1306. Because all of the actions occurred in Pennsylvania, we will apply Pennsylvania's laws.

The rules of insurance contract construction are well settled. Under the rule that applies most directly to the facts of this case, a court must construe ambiguous language in favor of the insured. *Totedo v. Banker's Life and Cas. Co.*, 670 F.Supp. 148, 149 (W.D.Pa.1987).

The Pennsylvania Superior Court has considered an insurance contract with identical exclusionary language. In *United Services Auto. Ass'n v. Elitzky*, 358 Pa.Super. 362, 517 A.2d 982 (1986), *app. denied*, 515 Pa. 600, 528 A.2d 957, *app. denied*, 515 Pa. 601, 528 A.2d 957 (1987), the court found that the intent element of the exclusion clause could be interpreted to mean either that the insured must intend his actions or that the insured must intend the resulting injury. *Id.* at 517 A.2d 987. Consequently, the ambiguous language must be construed in favor of the insured. *Id.* The court found that:

> Pennsylvania law is clear on at least one of the issues involved. In our state, the exclusionary clause applies only when the insured intends to cause a harm. Insurance coverage is not excluded because the insured's actions are intentional unless he also intended the resultant damage. The exclusion is inapplicable even if the insured should reasonably have foreseen the injury which his actions caused.

*Id.* (citation omitted). *See also Mohn v. American Cas. Co. of Reading*, 458 Pa. 576, 326 A.2d 346 (1974); *State Auto Mut.*

*Ins. Co. v. McIntyre,* 652 F.Supp. 1177 (N.D.Ala.1987).

 Thus, insurance coverage for the injuries to the three girls depends upon whether Christopher intended to harm the girls when he molested them. The defendants have asserted that, because of Christopher's illness, he did not have the requisite intent when he acted. They support their assertions with the expert opinion of Dr. Neil Busis. State Farm asserts that a sixty year old man who has been a teacher for much of his adult life knows the harm to children of sexual molestation. We find that this disagreement constitutes a genuine issue of material fact which precludes the granting of either motion for summary judgment.

### C. *Collateral Estoppel*

State Farm asserts that the court should not permit the defendants to contend that Christopher lacked intent because a jury found him guilty of the crimes. The higher burden of proof in criminal cases gives collateral estoppel effect to issues that arise in a civil case.

Although State Farm accurately summarizes the law on collateral estoppel, its argument is facially flawed in two respects. First, collateral estoppel generally requires that the party to be precluded from raising an issue have been a party in the first proceeding. *See generally* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4449. In this case, only Christopher was a party in the criminal proceeding (State Farm's assertion that the girls were parties because they were witnesses is ludicrous). Therefore, at best only Christopher could be bound by the jury's finding in the criminal case.

Second, collateral estoppel only precludes issues that have been fully litigated. *Kauffman v. Moss,* 420 F.2d 1270, 1274 (3d Cir.1970). If the particular issue was not directly placed before the jury and resolved, then the verdict does not preclude the defendant from further litigating that issue. *Id.* State Farm admits it its brief that Christopher did not raise a defense of diminished capacity at his criminal trial. Therefore, he is not precluded from raising that defense in this civil proceeding.

### D. *Public Policy*

State Farm also asserts that this Court should not permit the defendants to challenge the exclusion for public policy reasons. State Farm argues that public policy mandates that tortfeasors not be able to insure against liability for their torts, because such a policy would facilitate or promote the commission of those torts.

Again, State Farm's argument is based on a fallacy. If Christopher is actually unable to discern the nature and consequences of his acts, then the availability of tort insurance is unlikely to determine his conduct. Therefore, public policy does not necessarily prevent State Farm from covering injuries caused by Christopher's acts. An appropriate order will be entered.

### ORDER

AND NOW, this 2nd day of November, 1988, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that:

(1) State Farm Fire and Casualty Company's motion for summary judgment is DENIED; and

(2) The Defendants' motions for summary judgment are DENIED.