**Myers v. Kim**

C.P. of Lawrence County, no. 10587 of 1999 C.A.

*Gary F. Lynch* and *Pamela J. Miller,* for plaintiff.
*Edward Lemarie Jr.* and *Paula A. Koczan,* for defendant.

MOTTO, *J.,* March 16, 2001—Before the court for disposition is the motion for summary judgment filed on behalf of the defendant, Uh Gwon Kim M.D. Dr. Kim contends that a final adjudication of the State Board of Medicine which dismissed charges brought against him by the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs bars the plaintiff's instant lawsuit on principles of res judicata or collateral estoppel where both proceedings are based upon allegations that Dr. Kim improperly touched the plaintiff during the course of a medical examination.

## I. HISTORY OF THE CASE

On May 30, 1997, the plaintiff appeared at the office of Dr. Kim for a medical examination in relation to her claim for Social Security disability benefits. Subsequent to the examination, plaintiff filed a complaint with the Pennsylvania State Board of Medicine alleging that Dr. Kim touched her in an inappropriate manner during the

course of the physical examination. Plaintiff's complaint to the Pennsylvania State Board of Medicine resulted in proceedings brought by the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs against Dr. Kim. The charges against Dr. Kim were brought pursuant to section 41(a) of the Medical Practice Act, 63 P.S. §422.41(a) which provides in pertinent part as follows:

"Being guilty of immoral or unprofessional conduct. Unprofessional conduct shall include departure from or failing to conform to an ethical or quality standard of the profession. In proceedings based on this paragraph, actual injury to a patient need not be established.

"(i) The ethical standards of the profession are those ethical tenants which are embraced by the professionals in this Commonwealth.

"(ii) A practitioner departs from or fails to conform to a quality standard of the profession when the practitioner provides a medical service at a level beneath the accepted standard of care. The board may promulgate regulations which define the accepted standard of care. In the event that board has not promulgated an applicable regulation, the accepted standard of care for a practitioner is that which would normally be exercised by the average professional of the same kind in this Commonwealth under circumstances including locality and whether the practitioner is or reports to be a specialist in the area."

A hearing was held before a hearing examiner on or about June 30, 1999. At the hearing, the plaintiff testified in support of her allegations that Dr. Kim had touched

her in an improper manner. The State Board of Medicine rendered a decision on or about June 27, 2000 which dismissed the proceedings before the Board of Medicine against Dr. Kim.

Plaintiff filed her complaint in the instant case against Dr. Kim on or about July 16, 1997 based upon the same allegations of improper touching of her by Dr. Kim at the examination of May 30, 1997. Plaintiff's complaint raises three separate causes of action; to wit, professional negligence, intentional infliction of emotional distress and assault and battery.

Subsequent to the decision of the State Board of Medicine, Dr. Kim filed a motion to amend answer in the instant case to add the offense of res judicata, which defense is based upon the aforesaid decision of the State Board of Medicine. Leave to amend having been granted to the defendant by the court, the amended answer and new matter was filed with a reply thereto filed by the plaintiff. The instant motion for summary judgment followed.

## II. DISCUSSION

In considering a motion for summary judgment, the court must determine whether the moving party has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. In making this determination, the court must examine the record in the light most favorable to the non-moving party, who is entitled to the benefit of all reasonable inferences. *Kingston Coal Co. v. Felton Mining Co.,* 456 Pa. Super. 270, 690 A.2d 284 (1997). A summary

judgment may properly be entered in favor of defendant where the plaintiff's cause of action is barred by principles of res judicata or collateral estoppel. *Sterling v. Fineman,* 428 Pa. Super. 233, 630 A.2d 1224 (1993), *appeal denied,* 538 Pa. 674, 649 A.2d 675 (1994).

The doctrine of "res judicata" or "claim preclusion" by which a former adjudication bars a later action on all or part of a claim which was the subject of the first action is designed to prevent the relitigation by the same parties of the same claim or issues. *Balent v. City of Wilkes-Barre,* 542 Pa. 555, 669 A.2d 309 (1995); *Botsford v. Dugan,* 758 A.2d 667 (Pa. Super. 2000), *reargument denied, allocatur denied,* 564 Pa. 722, 766 A.2d 1242 (2001).

Where there has been previously rendered a final judgment on the merits by a court of competent jurisdiction, the doctrine of res judicata will bar any future suit on the same cause of action between the same parties. Invocation of the doctrine of res judicata requires that both the former and latter suits possess the following common elements:

"(1) Identity [in] the thing sued upon[;]

"(2) Identity [in] the cause of action[;]

"(3) *Identity of [persons and] parties to the action[;]*

"(4) Identity of the . . . capacity of the parties [suing or being sued]." *Kean v. Forman,* 752 A.2d 906, 909 (Pa. Super. 2000); *Stevens Painton Corp. v. First State Insurance Co.,* 746 A.2d 649, 654 (Pa. Super. 2000). (emphasis added)

The doctrine of collateral estoppel differs from the doctrine of res judicata in that the doctrine of res judi-

cata provides that when a final judgment on the merits exist, a future suit between the parties on the same cause of action is precluded; whereas, collateral estoppel acts to foreclose litigation in a later action on issues of law or fact that were actually litigated and necessary to a previous final judgment. *Maranc v. W.C.A.B. (Bienenfeld)*, 751 A.2d 1196 (Pa. Commw. 2000).

The doctrine of collateral estoppel, or issue preclusion, applies where the following four prongs are met: (1) issue decided in prior action is identical to one presented in later action; (2) prior action resulted in final judgment on merit; (3) *party against whom collateral estoppel is asserted was party to prior action or is in privity with party to prior action;* and (4) party against whom collateral estoppel is asserted had full and fair opportunity to litigate issue in prior action. See *Rue v. K-Mart Corp.*, 552 Pa. 13, 17, 713 A.2d 82, 84 (1998); *Shaffer v. Smith*, 543 Pa. 526, 673 A.2d 872 (1996); *Balent v. City of Wilkes-Barre, supra.*

In the instant case, Dr. Kim has asserted alternative theories of res judicata and collateral estoppel as baring plaintiff's complaint. Neither theory can be applied in this case unless the court finds that the plaintiff was a party, or in privity to a party, in the prior proceeding before the State Board of Medicine. Although res judicata requires identity of parties, mutuality of parties is not required for collateral estoppel to apply under Pennsylvania law; the only requirement is that the party against whom collateral estoppel is asserted be a party to the prior adjudication. *Wikowski v. Welch*, 173 F.3d 192 (3d Cir. 1999). In the case of either res judicata or collateral

estoppel, the requirement of either identity of parties or party against whom the issue is asserted is met if either of the doctrines are asserted against a party to the present litigation who, although a nonparty in the prior litigation, may be found to have been in privity with the party to the prior litigation, such as in cases where the party in the present case was represented in the prior litigation by a party who acted in a representative capacity to the party in the present litigation. *First Options of Chicago Inc. v. Kaplan,* 913 F. Supp. 377 (E.D. Pa. 1996); *Moldovan v. Great Atlantic & Pacific Tea Co. Inc.,* 790 F.2d 894, *cert. denied,* 108 S.Ct. 1074, 485 U.S. 904, 99 L.Ed.2d. 233.

In the instant case, the plaintiff herein is Janice Myers. In the prior litigation before the State Board of Medicine, the plaintiff, or complaining party, was the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs. Janice Myers was not a party to the action before the Board of Medicine, but was called as a witness in that case by the Commonwealth. The plaintiff herein did not have an independent right or ability to present evidence in support of her allegations of improper touching by Dr. Kim. The conduct of the litigation in the prior proceeding before the State Board of Medicine was controlled exclusively by the Bureau of Professional and Occupational Affairs. Accordingly, Dr. Kim can now assert res judicata or collateral estoppel only if he can demonstrate that the plaintiff herein, Janice Myers, must be deemed to have been in privity with the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs in the prior proceeding before the Board of Medicine.

An in-depth discussion of the issue of privity is discussed in the case of *First Options of Chicago Inc. v. Kaplan,* 913 F. Supp. 377 (E.D. Pa. 1996), interpreting federal principles of claim preclusion. The following appears in *First Options* at p. 383-84.

"The term privy 'is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include the other within the res judicata.' *United States Steel Corp.,* 921 F.2d at 493 (citing *Bruszewski v. United States,* 181 F.2d 419, 423 (3d Cir.), *cert. denied,* 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950)); *Phillips v. Kidder, Peabody & Co.,* 750 F. Supp. 603, 607 (1990) ('privity is a legal determination for the trial court as to whether the relationship between the parties is sufficiently close to support preclusion'). Courts have typically found privity to exist in three circumstances: (1) where the nonparty has succeeded to, or share a concurrent right to the party's interest in, property, (2) where the nonparty controlled the prior litigation, and (3) where the party adequately represented the nonparty's interest in the prior proceeding. See *e.g., Latham v. Wells Fargo Bank N.A.,* 896 F.2d 979, 983 (5th Cir. 1990); 1B *Moore's Federal Practice,* section 0.411(1), at III.215. . . .

"The doctrine of virtual or adequate representation has been adopted by many courts. *Martin v. Wilkes,* 490 U.S. 755, 761 n.2, 109 S.Ct. 2180, 2184 n.2, 104 L.Ed.2d 835 (1989) (a nonparty may be bound if his interests are 'adequately represented by someone with the same interest who is a party'); *Chase Manhattan Bank N.A. v. Celotex Corp.,* 56 F.3d 343, 345 (2d Cir. 1995) ('Res judicata

may be asserted when the precluded party's interest has been adequately represented in a previous lawsuit.'); *Matter of L & S Indus. Inc.*, 989 F.2d 929, 933 (7th Cir. 1993) ('A person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.'); *In re Medomak Canning*, 922 F.2d 895, 901 (1st Cir. 1990) ('Privity may be established by identification of interests, even where representation of those interests is not authorized.') . . .

"The Third Circuit has long recognized that privity is a legal conclusion; the privity enquiry should be flexible enough to acknowledge the realities of parties' relationships. *Bruszewski*, 181 F.2d at 423 (noting that the test for privity is whether there is a sufficiently close relationship between the party to the prior litigation and the nonparty against whom the prior judgment is being used)."

Although the *First Options* case above cited and quoted interpreted federal law, the court noted in its opinion at footnote 8, page 383 that state law requirements for res judicata and privity are not inconsistent with federal law as *Balent v. Wilkes-Barre*, 542 Pa. 555, 563, 669 A.2d 309, 313 (1995), held that res judicata bars a later action on all or part of the claim which was the subject of the first action and that any final judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies. *First Options* also cited *Ammon v. McCloskey*, 440 Pa. Super. 251, 261, 655 A.2d 549, 554 (1995), for the proposition that privity is defined as mutual or successive relationships to

the same right of property, or such identification of interests of one person with another as to represent the same legal right, quoting Black's Law Dictionary (5th ed. 1979).

The court here finds that the plaintiff, Janice Myers, was not in privity with the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs, in the prior litigation. The plaintiff herein had no ability to exercise control over the prior litigation. She had no ability to determine which witnesses should be called nor make any decisions relative to the course of litigation. Although both cases can be said to involve the same factual allegations, to wit, the allegations of improper touching of the plaintiff herein by Dr. Kim, the Commonwealth and the plaintiff herein have separate interests. The interest of the State Board of Medicine is to oversee those engaging in the medical profession within the Commonwealth and to determine the competency and fitness of an applicant to practice medicine in the Commonwealth. The authority of the Commonwealth is to regulate individuals engaging in the medical profession, which is a valid exercise of the police power of the Commonwealth. See *Tandon v. State Board of Medicine*, 705 A.2d 1338, 1348 (Pa. Commw. 1997). The interest of the plaintiff herein, as an individual, is to recover for personal injury resulting from the alleged improper touching by Dr. Kim. Thus, the interest of the plaintiff in each case cannot be said to be aligned, even though based upon the same set of operative allegations.

In the case of *State Farm Fire and Casualty Co. v. Christopher*, 729 F. Supp. 446 (W.D. Pa. 1988), State

Farm asserted that the defendant's sexual molestation of three girls was intentional and thus excluded from coverage under a State Farm insurance policy. Defendant Christopher had been convicted in criminal court of the corruption of the morals of a minor, indecent assault and indecent exposure. State Farm asserted collateral estoppel as to the issue of intentional conduct on the part of defendant Christopher because a jury found him guilty of the crimes. In the criminal case against defendant Christopher, the three girls involved in the sexual molestation had testified on the part of the Commonwealth. The injury to the minor girls arising out of the molestation was the subject matter of both the criminal case and a subsequent civil case brought on behalf of the minor girls. As to the claim of State Farm that collateral estoppel should apply because the minor girls, who were plaintiffs in the civil action, should also be deemed to be parties in the criminal action, the court said that only defendant Christopher was a party in the criminal proceeding and that State Farm's assertion that the girls were parties because they are witnesses is ludicrous. See *State Farm Fire and Casualty Company v. Christopher,* 729 F. Supp. 446, 449. The within case is factually similar. The plaintiff, Janice Myers, was a witness and victim in the prior proceeding before the State Board of Medicine. However, such circumstance does not make her a party to that action, nor privy to the party to that action.

Since the Commonwealth was not acting in a representative capacity relative to the plaintiff, Janice Myers, and since the Commonwealth controlled the prior litigation, here privity could only be found to exist if there was such an alignment of interests between the Com-

monwealth and the plaintiff herein that plaintiff must be held to be bound by the prior proceeding. The court finds that such alignment or identity of interest does not exist. The Commonwealth had no obligation to the plaintiff herein. The Commonwealth was not accountable to the plaintiff for its actions in proceeding before the State Medical Board. The Commonwealth had no legal interests nor procedural vehicle to acquire compensation for the plaintiff for personal injury allegedly caused by the actions of Dr. Kim. Other than appearing as a witness at the proceeding before the hearing examiner, the plaintiff herein had no relationship with the prior litigation. Furthermore, the plaintiff and the Commonwealth do not share a significant, close, non-litigation relationship of any kind. The plaintiff and the Commonwealth do not seek the same remedy in each proceeding. Since the interests of the Commonwealth and the plaintiff herein differ in terms of the objective sought to be obtained, it cannot be said that their interests parallel each other. It cannot be said that the plaintiff herein acquiesced in the representation of the Commonwealth as it had no control over the proceedings carried forth by the Commonwealth. Plaintiff's only voluntary involvement with the proceedings before the State Board of Medicine was initially to report to the State Board of the allegation that Dr. Kim had improperly touched her during the course of an examination. Once she made that report, all further proceedings and litigation issues before the State Board of Medicine were determined by the Commonwealth.

Accordingly, for the reasons stated above, since the court has concluded that the plaintiff in the instant case

was not a party before the prior proceedings before the State Board of Medicine nor in privity with the Commonwealth of Pennsylvania, Department of Professional and Occupational Affairs, the defendant cannot invoke the bar of res judicata and collateral estoppel.

Accordingly, the defendant's motion for summary judgment must be denied.

## ORDER

And now, March 16, 2001, in accordance with the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that the defendant's motion for summary judgment is denied.